No. 23,522.

C. S. HAGER and FRED G. HAGER, *Appellees*, v. WILLIAM T. HALE, *Appellant.*

SYLLABUS BY THE COURT.

1. SALE OF PATENT RIGHT—*Provisions of Statute Not Complied With—Contract Void.* A party signed a contract which provided for the sale of "his right and title to letters patent" on a vulcanizing compound on which application for letters patent had been made and allowed. *Held,* that the contract provided for a sale of a patent right and came within the provisions of sections 6794-6796 of the General Statutes of 1915.

2. SAME—*No Ambiguity in Contract.* There was not sufficient ambiguity in the contract to make explanatory parol evidence admissible.

3. SAME—*Effect of Assignment of Letters Patent After Sale.* An assignment of letters patent made after the sale of the patent right has been completed does not change the character of the sale.

Appeal from Ford district court; LITTLETON M. DAY, judge. Opinion filed February 11, 1922. Affirmed.

*Albert Watkins,* and *Arthur C. Scates,* both of Dodge City, for the appellant; *J. W. Davis,* of Greensburg, of counsel.

*F. Dumont Smith,* of Hutchinson, *L. A. Madison,* and *Carl Van Riper,* both of Dodge City, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: As presented to this court, this action is one for the recovery of damages sustained by the plaintiffs by reason of the sale to them by the defendant of "his right and title to letters patent on vulcanizing composition." Judgment was rendered in favor of the plaintiffs, and the defendant appeals.

The action arose out of a contract dated November 19, 1918, the material parts of which were as follows:

"Party of the first part sells to parties of the second part his right and title to letters patent on vulcanizing composition of application in U. S. Patent Office, filed May 25th, 1918, and allowed September 17th, 1918, for the sum of Fifty-five Thousand Dollars ($55,000) to be paid as follows . . .

"Party of the first part agrees to make application in foreign countries upon

request of parties of the second part and to transfer title if patent is granted, provided that parties of the second part bear all cost and expenses in procuring the same.

"Party of the first part agrees to turn over and transfer his right, title and interest in said letters patent to parties of the second part when they have met the conditions of this contract. . . ."

In payment, the plaintiffs gave $3,500 in cash to the defendant at the time the contract was made and, subsequently, gave to him negotiable promissory notes amounting to $52,000, secured by mortgages on real property. Letters patent were issued April 15, 1919. No copy of them was filed in the district court of either Ford or Edwards county, the counties of the residences of the parties to the contract. The words "given for a patent right" were not inserted in any of the notes given.

1. The defendant says the main question presented by this appeal is whether or not the patent-right laws of this state apply to the transaction in question. These laws are sections 6794-6796 of the General Statutes of 1915. Section 6794 reads, in part, as follows:

"It shall be unlawful for any person to sell or barter or offer to sell or barter any patent right, or any right which such person shall allege to be a patent right, in any county within this state, without first filing with the clerk of the district court of such county copies of the letters patent duly authenticated."

Section 6795, in part, reads:

"Any person who may take any obligation in writing for which any patent right . . . shall form a whole or any part of the consideration, shall, before it is signed by the maker or makers, insert in the body of said written obligation, above the signature of said maker or makers, in legible writing or print, the words, 'Given for a patent right.'"

Section 6796 provides that—

"Any person who shall sell or barter or offer to sell or barter within this state . . . a patent right . . . without complying with the requirements of this act . . . shall be liable to the party injured, in a civil action, for any damages sustained."

The defendant argues that under the contract he sold to the plaintiffs not a patent right, but an invention, a process of manufacturing a vulcanizing composition, the right that the defendant had in the discovery made by him. The plaintiffs argue that by the contract the defendant sold to them the rights purported to be given by letters patent. This involves an interpretation of the language used in the contract. It concerned a patent right, existing or nonexisting. The fact that letters patent had not been issued did not change the

subject matter of the contract. That remained a patent right. "The right and title to letters patent" was the language used to describe the thing sold. That language meant nothing more and nothing less than a patent right. After the use of that language, the contract went on to describe the patent as being one "on a vulcanizing compound" for which an application for letters patent had been filed on May 25, 1918, and allowed September 17, 1918. In one paragraph of the contract the defendant agreed "to turn over and transfer his right, title and interest in said letters patent." There is but one reasonable interpretation of the contract, and that is that the defendant was undertaking to sell a patent right. It may be granted that all parties knew that letters patent had not been issued, but still they were arranging for the sale and purchase of a patent right. The statute was meant to meet just such a situation, the sale of a patent right by one who did not hold letters patent.

2. The defendant contends that the contract was ambiguous and that evidence should have been received to explain that ambiguity. He introduced such evidence; it was afterwards excluded. The defendant argues that the exclusion of that evidence was error. The contract may not have been easy to understand, but it was not so ambiguous as to justify the introduction of parol evidence to explain that ambiguity. It was not so ambiguous as to prevent a court from ascertaining its meaning without resort to extrinsic evidence. It was not error to exclude the evidence introduced by the defendant for that purpose.

3. The defendant contends that a subsequent contract was made by which it was clearly expressed that only the rights of the defendant in the invention were sold. This contention is based on the following facts: First, that on March 5, 1919, the notes involved in this action were executed in pursuance of a subsequent contract providing for different times, terms, and manner of paying for the thing purchased. And second, that an assignment dated March 12, 1919, was signed by the defendant in which he used the following language:

"Whereas, I, W. T. Hale, . . . have invented a certain improvement in vulcanizing composition for which I have filed an application for letters patent . . . and whereas, C. S. Hager and Fred G. Hager . . . are desirous of acquiring the whole right, title and interest in and to the said invention,

"Now, Therefore, in consideration . . . I, W. T. Hale, by these presents do sell, assign and transfer unto C. S. Hager and Fred G. Hager, the whole

right, title and interest in and to the said invention and in and to the Letters Patent therefor when granted."

This assignment was received by the plaintiffs and no objection to it was made by them. These facts did not change the character of what had been sold under the original contract.

The judgment is affirmed.