No. 25,489.

C. S. HAGER et al., *Appellees*, v. WILLIAM T. HALE, *Appellant*.

SYLLABUS BY THE COURT.

SALE OF PATENT RIGHT—*Promissory Notes Given—Judgment Canceling Notes —Appeal—Valid Compromise Pending Appeal.* A sale of an invention was made, a number of notes being given in part payment, which were trans-ferred to a holder claiming to be an innocent purchaser. In an action be-tween the original parties the contract was held to be void because the stat-ute relating to the sale of patent rights was violated, and a judgment was rendered in favor of the purchaser for a sum including the amount of the notes referred to, with a provision that if they should be "finally defeated or canceled" the judgment should be reduced to that extent. In an action brought by the holder of the notes against their maker it was held that he was not an innocent purchaser and a decree was rendered canceling them. An appeal was taken from this decree, and pending its decision a compro-mise was effected by which it was to be dismissed in consideration of the payment of about two-thirds of the face of the notes—an arrangement which was carried out. A ruling of the district court is affirmed, which held that the notes were not "finally defeated or canceled" within the meaning of that phrase as used in the judgment, and that the seller of the invention was entitled to a credit on the judgment against him for only the difference between the face of the notes and the amount received by their holder.

Appeal from Ford district court; LITTLETON M. DAY, judge. Opinion filed November 8, 1924. Affirmed.

*Albert Watkins, Arthur C. Scates,* both of Dodge City, and *William Easton Hutchison,* of Garden City, for the appellant.

*F. Dumont Smith,* of Hutchinson, and *Carl Van Riper,* of Dodge City, for the appellees.

The opinion of the court was delivered by

MASON, J.: In 1918 C. S. and Fred G. Hager entered into a con-tract with William T. Hale for the purchase from him, for $55,500, of rights with respect to a vulcanizing compound of his invention, for which he had applied for a patent. In payment they gave him $3,500 in cash, and each executed to him his notes, two for $5,000 each and one for $16,000. The notes signed by Fred G. Hager were transferred by indorsement to George H. Burr, and those signed by C. S. Hager to W. E. Bradley.

The Hagers brought this action against Hale for the rescission of the contract on the ground that it was entered into on his part in violation of the statute regulating the sale of patent rights.

(R. S. 57-101 to 57-103.)   On January 19, 1921, judgment was rendered, which was affirmed on appeal (*Hager v. Hale,* 110 Kan. 507, 204 Pac. 529), for the recovery by the plaintiffs of the cash paid and also of the amount of the notes (because of their having been transferred), with a provision that if any of them should be "finally defeated or canceled" in the hands of the new holders, the judgment should be credited and reduced to that extent. Suits on these notes were pending at the time, one brought by Bradley against C. S. Hager for $26,000 and the other by Burr against Fred G. Hager for a like amount. The former resulted in a judgment, from which no appeal was taken, canceling the notes held by Bradley, who was held not to be an innocent holder. The judgment against Hale was in effect credited with the amount of these notes, and no material controversy now exists with respect to them between the parties to this proceeding. After the affirmance of the judgment against Hale it was adjudged in the action brought by Burr that he was not an innocent holder, and cancellation of the notes held by him was decreed. He appealed from that judgment, and his appeal, by virtue of a stipulation between him and the Hagers, made June 27, 1923, was dismissed on the next day. The present controversy is as to the effect of this dismissal. Hale contends that it left in full force the judgment canceling the notes sued on by Burr, and entitled Hale to a further credit of $26,000 upon the judgment rendered against him in favor of the Hagers, reducing his liability to $3,500 (and interest), the amount of cash he had received from them in the patent-right sale. The Hagers contend that because the appeal in the Burr case was dismissed in pursuance of a compromise between Burr and the Hagers, by which Burr was to receive and did receive (by assignment to him of the certificate of purchase of the realty sold in execution as mentioned in the next paragraph hereof) $18,000 in settlement of his claims involved in that litigation, the judgment against Hale was thereby reduced only by the difference between the full amount of the notes held by Burr—$26,000—and the sum received by him in the adjustment that was made.

In May, 1923, an *alias* execution was issued upon the judgment against Hale, being limited by its recitals to the part based on the $3,500 cash payment and the $26,000 of notes which had been transferred to Burr. On this judgment real estate was levied upon, which was sold June 18, 1923, to the Hagers on their bid of $18,000. This sale was confirmed June 27, 1923, and the present proceeding is an

appeal by Hale from the orders of the district court confirming the sale, and overruling motions made by him to set it aside, to direct the Hagers to pay to the sheriff the amount of their bid at the sheriff's sale, and to credit the judgment against him with the full amount of the notes that were transferred to Burr.

A sheriff's sale of the real estate was made March 31, 1923, upon an earlier execution, but as this sale was set aside we do not regard it as affecting the questions under consideration. A stipulation for the dismissal of the Burr appeal upon the payment of $18,000 was entered into before that already referred to, but this is likewise regarded as immaterial because there was evidence that the dismissal was made in pursuance of the second stipulation.

The appellant contends that inasmuch as the judgment rendered against him contained a provision that it should be reduced by the amount of any notes he had received from the Hagers which should be "finally defeated or canceled," it should have been credited with the full amount of the notes which were transferred to Burr, because in an action between Burr and Fred G. Hager (their maker) a decree had been rendered canceling them; that this judgment was final; that its finality was not affected by the appeal taken from it; that when the appeal was dismissed the situation was the same as though no appeal had ever been taken; and that the appeal being unconditional amounted to an affirmance of the judgment. It is ordinarily true that the force of a judgment so long as it remains unreversed is not lessened by the pendency of an appeal, and that when an appeal is dismissed the condition is the same as though it had never been taken. These considerations may be determinative in some controversies, but we cannot regard them as applicable here.

The provision of the judgment that it should be reduced accordingly if any of the notes should be "finally defeated or canceled" is to be interpreted in view of the situation it was designed to meet. The Hagers had a good defense against all the notes unless they had reached the hands of an innocent purchaser. But no duty was placed on them to contest by litigation the claim of any holder to be an innocent purchaser. They were at liberty to pay them in full without suit or to make such compromise and settlement as they should find expedient, Hale being entitled to a credit on their claim against him only to the extent that they escaped liability for the full face value of the notes. Although a judgment is in a sense final notwithstanding an appeal has been taken from it, the litigation

still remains open and is a subject of compromise between the parties. If here the parties, instead of having the appeal dismissed, had agreed to a reversal, and then to the rendition of a judgment for $18,000, it is clear that Hale would have been entitled only to a credit of $8,000 on the judgment against him. The same practical effect was reached by an arrangement that the judgment should stand as it was, provided Burr was paid $18,000. Hale has no standing to question the method adopted to carry out a proper agreement. If by some collusive plan an attempt had been made to deprive him of some substantial benefit to which he was justly entitled a different situation would be presented. The decision of the court, however, implies a finding of good faith in the making and carrying out of the compromise. The notes held by Burr were not "finally defeated or canceled" within the meaning of that phrase as used in the judgment, so long as the litigation over the question whether he was an innocent purchaser was pending. The Hagers owed him no duty to contest to a final decision the legal questions involved in an appeal. Nor is the question material here of how the appeal would have resulted had it not been withdrawn, since the trial court's decision, as already suggested, negatives any bad faith.

There was no occasion for the Hagers to make payment to the sheriff of the sum bid at the sale, so long as it did not exceed the amount of their judgment. Nor had Hale any just cause of complaint because the $18,000 payment to Burr was made by transferring to him the sheriff's certificate of purchase. The appellant urges that the sale should be set aside upon equitable grounds, but no inequity is apparent in the result reached. Because of the invalidity of the notes sued upon by Burr, Hale is liable to some one for at least the amount he received for them—presumably about their face value. The decision of the trial court does not require him to make a double restitution. Burr, instead of losing the full amount of the notes, as he would have done if the judgment of cancellation had stood, makes a salvage of $18,000, diminishing to that extent a claim on his part against Hale. Hale suffers no substantial net loss from the compromise, for although his liability on the Hagers' judgment was $18,000 more, his liability to Burr was that much less than would have been the case if the decree of cancellation had stood.

The judgment is affirmed.