[Civ. No. 2063.    First Appellate District.—July 11, 1917.]

JULIA FLORENCE WEIHE et al., Respondents, v. RATH-JEN MERCANTILE COMPANY (a Corporation), Appellant.

NEGLIGENCE—COLLISION OF PEDESTRIAN WITH AUTOMOBILE—CONTRIBU-TORY NEGLIGENCE—QUESTION FOR JURY.—In an action for damages for personal injuries received from being struck by an automobile driven by an employee of the defendant on the left-hand side of a city street, just as the plaintiff had stepped from the sidewalk in order to board a street-car, the question of whether the plaintiff was guilty of contributory negligence in stepping from the sidewalk in front of the automobile was one for the determination of the jury.

ID. — VIOLATION OF TRAFFIC ORDINANCE — RECOVERY OF DAMAGES—IN-STRUCTION.—An instruction that if the employee of the defendant in the course of his employment violated the provisions of the traffic ordinance requiring the driver of a car upon the public streets to drive in a careful manner, having in view the safety of pedestrians, and requiring such a driver on all practical occasions to travel on the right-hand side of the street, and in consequence of such violation the plaintiff was injured, she is entitled to recover, is not misleading, when read with other instructions fully charging the jury on the question of contributory negligence.

ID.—DRIVING OF AUTOMOBILE ON LEFT SIDE OF STREET—RIGHT OF DE-FENDANT—INSTRUCTION.—An instruction that the defendant had a lawful right to have its automobile at the place where the accident happened was rightfully refused, in view of the provision of the ordinance prohibiting the stopping as well as the driving of a vehicle with its left side toward the curb of the street.

ID.—COMPARATIVE AMOUNT OF CARE—INSTRUCTION.—An instruction that while both parties are charged with the same degree of care, the amount of care exacted of a driver of a motor vehicle is far greater than the amount of care exacted of a foot passenger, is a correct statement of the law.

ID.—USE OF PUBLIC STREETS—DUTY OF PEDESTRIANS.—It is the duty of a pedestrian traveling in or crossing a public street of a city to use ordinary care and to reasonably exercise for his personal safety the faculties with which he is endowed by nature for self-protection; and if he fails to do so and is injured by reason of such failure, he cannot recover on account of such injury.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. John Hunt, Judge.

The facts are stated in the opinion of the court.

Gillett & Cutler, for Appellant.

H. U. Brandenstein, and Walter Perry Johnson, for Respondents.

KERRIGAN, J.—This is an appeal by defendant from an adverse judgment and from an order denying its motion for a new trial in an action for damages for personal injuries suffered by the plaintiff, Julia Florence Weihe, through being struck by an automobile of the defendant.

An employee of the defendant, in charge of and operating said automobile, in effecting a delivery of goods, drove it to the left (south) side of Sacramento Street, in San Francisco, and there stopped on that side a short distance from the east line of Fillmore Street. The goods being delivered the driver started the automobile and collided with the plaintiff just as she stepped from the sidewalk at the southeast corner of Sacramento and Fillmore Streets in order to board a street-car on Sacramento Street, resulting in the injuries to the plaintiff set forth in the complaint.

In support of its appeal the defendant does not claim that the evidence is insufficient to warrant the jury in finding that the defendant was guilty of negligence, its contention in this respect being that the case should have been taken from the jury on the ground that the evidence showed the plaintiff to have been guilty of contributory negligence.

There is no merit in this point. The question of whether or not the plaintiff was guilty of contributory negligence in stepping from the sidewalk in front of the automobile was, under the attending circumstances, clearly one for the determination of the jury.

The other grounds upon which defendant relies for a reversal of the judgment are confined to instructions to the jury given, modified, or refused.

One of the several acts of negligence alleged in the complaint was the violation by defendant of a certain section of what is commonly termed the traffic ordinance of the city and county of San Francisco, which was read in evidence to the jury. Summarized, it required the driver of a car upon the public streets to drive in a careful manner, having in view the safety of pedestrians. Another section of this ordinance provides that such driver shall on all practical occasions travel on the right-hand side of the street and near the right-hand curb thereof. The trial court, after briefly referring to the ordinance, instructed the jury that if the employee of the defendant in the course of his employment violated either or both of the provisions of the ordinance just referred to, the defendant was guilty of negligence; and that if in consequence of such negligence the plaintiff was injured, she was entitled to recover damages. This instruction made no reference to the defense of contributory negligence on the part of plaintiff, which was an issue in the case; and was, therefore, not in itself a complete and correct statement of the law; but the court elsewhere in its charge fully instructed the jury on the subject of contributory negligence. When the instructions are read together and construed as a whole, they are consistent with each other and not confusing, and appear to fairly cover the point discussed. It cannot be said, therefore, that the jury was misled. (*Anderson* v. *Seropian,* 147 Cal. 201, 217, [81 Pac. 521]; *Stephenson* v. *Southern Pac. Co.,* 102 Cal. 143, 149, [34 Pac. 618, 36 Pac. 407].)

The defendant requested the court to charge the jury that defendant had a lawful right to have its automobile at the place where the accident happened. The ordinance, in section 3 thereof, in express terms, unlike section 2931 of the Political Code examined in *Bauhofer* v. *Crawford,* 16 Cal. App. 676, [117 Pac. 931], prohibits the stopping as well as the driving of a vehicle with its left side toward the curb.

In part it reads: "No person . . . driving . . . or in charge of any vehicle shall stop the same upon any street with the left side of such vehicle toward or along the curb." The court committed no error in refusing to give the requested instruction, in view of the language of the ordinance.

Nor do we think the court misdirected the jury in reading to them from the case of *Raymond* v. *Hill*, 168 Cal. 473, 483, [143 Pac. 743], as follows: "While both parties are charged with the same degree of care the amount of care exacted of the driver of a motor vehicle is far greater than the amount of care exacted of the foot passenger." As said by counsel for the plaintiff, the degree of care exacted of both users of the highway is the same; the amount of care must of necessity vary in order that the degree may not. The driver of a motor vehicle—a dangerous instrumentality capable of inflicting fatal injuries—is charged with a greater amount of care than the pedestrian, in order that he may be bound to the same standard of ordinary care. Ordinary care and negligence are relative terms. "The care required must be in proportion to the danger to be avoided and the consequences that might reasonably be anticipated from the neglect. The greater the risk or danger the greater must be the care. What is ordinary care in a case of extraordinary danger would be extraordinary care in a case of ordinary danger." (29 Cyc. 428, 429.)

The point is made in a case cited by appellant, *Minor* v. *Stevens*, 65 Wash. 423, [42 L. R. A. (N. S.) 1178, 118 Pac. 313, 2 N. C. C. A. 309], where it is said: "It is hardly possible to lay down a fixed rule in the mass of cases. For, as has been stated, negligence is a relative and comparative term, and each case must depend upon its own circumstances. Nevertheless there is a duty on all parties to exercise ordinary care to prevent accidents and collisions. . . . Although a higher degree of care rests upon the driver of a vehicle because of the dangerous instrumentality that he controls, yet it is universally held that the right to the streets lies in both parties, and that their duty to exercise due care is reciprocal, whatever the character of the vehicle may be," etc.

The court refused to give a certain instruction proffered by the defendant as to the duty of pedestrians using the public streets, but the true rule in that behalf was fully covered in the general charge and notably by the following instruction:

"I charge you that it is the duty of a pedestrian traveling in or crossing a public street of a city to use ordinary care, and to reasonably exercise for his personal safety the faculties with which he is endowed by nature for self-protection; and if he fails to do so and is injured by reason of such failure, he cannot recover on account of such injury."

The judgment and order are affirmed.

Richards, J., and Beasly, J., *pro tem.*, concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 6, 1917.