[Civ. No. 3506. Third Appellate District.—May 19, 1928.]

GENEVIEVE VEDDER, by Her Guardian Ad Litem, etc., Appellant, v. FRANK W. BIRELEY et al., Respondents.

54

Culver & Nourse for Appellant.

Edward Winterer for Respondents.

TUTTLE, J., *pro tem.*—This is an action brought by plaintiff, a minor of the age of seven years, to recover for personal injuries received by her when she was struck by an automobile owned by defendant Bireley and operated by defendant Becker. Trial was had before a jury, and the verdict was for defendants. The appeal is from the judgment rendered upon the verdict.

The accident occurred on the south side of Third Street, in the city of Los Angeles, between Norton Avenue and Westminster. At the scene of the accident, Third Street is approximately 56 feet in width, from curb to curb, and has thereon two sets of car tracks. It is also admitted that Third Street, at the point of the occurrence, is a busy thoroughfare, where traffic is restricted to 20 miles per hour.

At Third Street there is a jog in Norton Avenue, the west curb of the portion of Norton Avenue which runs north of Third Street being offset approximately 10 feet to the east of the east curb of Norton Avenue as it runs south from Third Street.

The accident occurred at a point approximately 95 feet east of the east line of Norton Avenue as it runs north from Third Street.

Just prior to the accident the plaintiff had been a passenger on a street-car of the Los Angeles Railway Company, which was westbound on Third Street and which had come to a stop to allow the plaintiff, and a little boy escorting her, to alight, with its rear end at a point approximately 90 feet east of the easterly line of Norton Avenue as it runs north, and just opposite a driveway, which is shown on Defendant's Exhibit I and on Plaintiff's Exhibits I, II, and III, as the second driveway east of Norton Avenue. The plaintiff and the boy accompanying her alighted from the rear of the street-car, and passed around the rear of the car and south across Third Street. At this time the defendant Frank R. Becker was driving the truck in question east on Third Street. When the plaintiff got between the two sets of car tracks, she broke away from the boy with her

and ran directly across the street and towards the most easterly of the two driveways.

There is some conflict in the evidence as to where the defendant's truck was at the time the plaintiff started to run, but in any event the defendant Becker applied his brakes when at a point opposite the center of the sidewalk running along the east side of Norton Avenue as it runs north from Third Street, and kept them applied until the truck came to a stop with its front end against a tree which was 93 feet east of the point at which the brakes were first applied. The plaintiff's course was practically due south across Third Street to a point in the driveway between the sidewalk and the curb at the south side of Third Street. The defendant's course was a diagonal one from a point on or near the west-bound car track to the point of impact, which was in the driveway and just south of the southerly curbed line of Third Street.

As a result of the accident plaintiff sustained a fracture of the femur of the right leg and a fracture of the tibia of the left leg, and the soft tissues were torn from the jawbone from the center of the chin along the left side of the jawbone, and sustained a long, disfiguring scar leading from the left-hand corner of her mouth for about two and one-half inches diagonally toward the left ear, which scar is permanent.

Appellant seeks a reversal of the judgment upon the ground of errors arising out of the rulings in the matter of evidence, and upon instructions given and refused. We will take these up in the order in which they are presented by appellant.

■ The court sustained objections to the admission of certain testimony offered by plaintiff concerning experiments made by an expert in an attempt to show the rate of speed at which the automobile of defendants was traveling at the time of the accident. These experiments were made with an automobile similar to the one which caused the injury. The answers of the expert to other questions were evasive and unsatisfactory, and when he was asked by the court as to the ultimate fact in dispute (the distance a Ford car can be stopped in, after brakes are applied, and while going 20 miles per hour) he replied "That depends on the condition of the brakes and condition of the tires." This

really was an answer to the question, but aside from that, the admission of such evidence is largely committed to the discretion of the trial court, and its action will not be reversed on appeal, in the absence of a clear showing on an abuse of that discretion. There is no such showing here. (*Maris* v. *Crummey*, 55 Cal. App. 573 [204 Pac. 529].) This assignment of error is without merit.

■ There was evidence that the automobile of defendants left skid marks some 63 feet in length, from the time the brakes were applied until it struck plaintiff. The mark made by the right wheel was solid and distinct, while the marks made by the left wheel were intermittent. It was claimed by appellant that these marks indicated that the brakes were not adequate to promptly check the speed and bring the motor vehicle to a stop. California Motor Vehicle Act 1923, sec. 94 [Stats. 1923, p. 545].) Witness Langbein, for plaintiff, qualified as an expert in the matter of automobile brakes. He was asked a hypothetical question, based upon the conditions indicated, and calling for an answer as to whether the brakes on such a car, leaving such marks, were properly adjusted. The court rejected the said testimony upon the sole ground that it was immaterial. This was error. The evidence was pertinent and material upon a vital fact in the case, viz., the condition and adequacy of the brakes. The witness had qualified as an expert upon the matter in question, and his peculiar skill and knowledge of such matters, not common to men in general, enabled him to draw an inference as to the condition of the brakes which may have materially aided the jury in an attempt to correctly solve the question before them. (*Vallejo R. R. Co.* v. *Reed Orchard Co.*, 169 Cal. 545 [147 Pac. 238].)

■ The court refused to give the following instruction, which was requested by plaintiff:

"You are further instructed that the vehicle act of the state of California in force and effect at the time of the accident in question further provided in part as follows:

" 'Every motor vehicle operated upon a public highway shall be provided at all times with brakes which shall be adequate to properly check the speed of and to stop such motor vehicle.'

"And you are further instructed that the failure to use reasonable care to comply with said provision of the law would be negligence as a matter of law, and therefore, if you find from a preponderance of all of the evidence that the defendants failed to use reasonable care to have said motor vehicle, operated by them, provided at the time of the accident with brakes which were adequate to promptly · check the speed of and to stop said vehicle, and that such failure was a proximate cause of the accident in question, then your verdict must be in favor of the plaintiff, unless you should further find from a preponderance of all of the evidence, and under the instructions of the court, that the plaintiff was also guilty of negligence which was a proximate cause of the accident in question.

"Refused except as given in the instructions of court."

Respondents seek to justify the refusal to give said instruction upon the ground that there was no evidence before the jury upon the question involved therein, to wit: the condition of the brakes upon defendants' automobile. We cannot agree with respondents in their construction of the record in the case. There was evidence that the car traveled some 93 feet from the time the brakes were applied until it stopped, and it only stopped then because it hit a tree. The two tires on the curb side of the car were flattened out, and the rim of the front wheels cut large gashes in the concrete curb, which was struck and jumped before the tree ended the journey. Certainly the jury could very reasonably have drawn the inference from these facts that the brakes on the car were not properly adjusted, and that defendants were therefore negligent in failing to comply with the said provisions of the Motor Vehicle Act. The court, in refusing to submit this issue to the jury, committed error, from which prejudice must inevitably have resulted.

▆ The court refused, on request of plaintiff, to give the following instruction:

"The defendant Becker and the plaintiff were both chargeable with only the exercise of reasonable care, but a greater amount of such care was required of the defendant Becker at the time of the accident in question by reason of the fact that he was driving and operating an automobile, which was capable of inflicting death or injury upon others on the highway."

"Refused except as given in instructions of court."

We believe the learned trial judge erred in failing to give the foregoing instruction. The driver of a motor vehicle is in charge and control of a dangerous instrumentality, capable of inflicting serious and often fatal injuries, and for that reason he is charged by the law with a higher degree or greater amount of care than the pedestrian. (*Raymond* v. *Hill*, 168 Cal. 473 [143 Pac. 743]; *Weihe* v. *Rathjen Co.*, 34 Cal. App. 302 [167 Pac. 287]; 42 C. J. 1035, sec. 780.)

 The court refused to give the following instruction at the request of plaintiff:

"You are instructed that the defendant, Frank R. Becker, was bound to use reasonable care to anticipate the presence on Third street of other persons having equal rights with himself to be there, and that a failure on his part to use such reasonable care would be negligence."

and on the subject matter gave the following instruction:

"Now, the defendant had a perfect right to travel where he was traveling. If you find that he was traveling on the south track, he had a perfect right to travel there. There was not the slightest negligence in his traveling there on that track, and until he saw the child he had a right to assume that no one would appear behind that street-car. He was not called upon to act until he actually saw that there was somebody there. Until he did see I say he had a right to assume that there would not anybody come from behind that street-car."

In our opinion the court erred in both refusing the instruction offered and in giving the one in lieu thereof. It is unquestionably the rule that the driver of a motor vehicle, particularly when he is using a busy city thoroughfare, must keep a vigilant watch ahead for pedestrians, and particularly at places where the conditions are such that there are special reasons for anticipating the presence of pedestrians. (42 C. J. 909, sec. 624.) The street-car had just stopped, in the instant case, to permit plaintiff to alight therefrom. The driver of the automobile saw the street-car stop. Under these circumstances, the court, instead of telling the jury that the driver had the right to assume that no one would appear from behind the street-car, should have instructed them that it was the duty of the driver to

anticipate that someone might appear from behind said car, and to have his automobile under the requisite control, so that, if the situation demanded it, he could slow down or stop within reasonable limits. (*Reaugh* v. *Cudahy Packing Co.*, 189 Cal. 335 [208 Pac. 125]; *Zarzana* v. *Neve Co.*, 180 Cal. 32 [15 A. L. R. 401, 179 Pac. 203]; *Rush* v. *Lagomarsino*, 196 Cal. 308 [237 Pac. 1066].)

Several instructions were given upon the question of imminent peril. They were all to the effect that if the driver of the automobile, *after he first saw plaintiff*, acted as a reasonable and prudent man would act under the circumstances, he was not guilty of negligence. In effect, the jury were told that no matter how reckless or negligent said driver may have been, prior to the time he saw the little girl, if *from that time on* he acted with reasonable care, plaintiff could not recover. Such is not the law. There are certain conditions under which one is excused from adopting cautionary measures which should otherwise have been taken, and where actions, which under ordinary circumstances would constitute negligence, may be held to be those which a reasonably prudent man would take, under similar circumstances. This is the doctrine of "imminent peril." It is simply stating, in another way, the familiar test as to what conduct will constitute negligence, to wit: Did the party charged with negligence omit to do something which a reasonable man, guided by those considerations which ordinarily regulate the conduct of human affairs, would do, or did he do something which a prudent and reasonable man would not do, under similar circumstances? "One who, without negligence upon his part, is suddenly confronted with imminent danger or seeming imminent danger, is not required to exercise that degree of care and skill which is required in the commission of an act after careful deliberation; he is required to act only as a reasonably prudent man would act, under similar circumstances." (19 Cal. Jur. 598, sec. 36.) The imminent peril must arise from a sudden emergency, but where that emergency is created by the automobilist, or where he brought about the perilous situation, through his own negligence, he cannot avoid liability upon the ground that his acts were done in the stress of emergency. (42 C. J. 891; *Rush* v. *Lagomarsino*, *supra*.) One cannot shield himself behind an emer-

gency created by his own negligence. The rule can be invoked only by those who are without fault. The vice of these instructions is that they are not predicated upon the further premise that the driver of the car was free from negligence when he first saw the plaintiff. If his brakes were faulty at the time he first saw her, and he was negligent in that respect, and for that reason he struck her, these instructions would permit him to virtually take advantage of his own wrong and secure immunity from liability upon the ground that he was confronted with a "sudden peril." The same reasoning would apply if the driver had been going at an excessive rate of speed, when he first saw plaintiff. These observations must be read in the light of the fact that there was evidence before the jury that the automobile was traveling at an excessive rate of speed, and that the brakes thereon were not properly adjusted. The instructions should not have been given.

■ The court instructed the jury that there was no evidence that the automobile was going at more than 20 miles an hour (the legal limit) at the time of the accident. This was the testimony of the driver of the car, and it was adopted by the court as an undisputed fact in the case. But there was substantial evidence in the record which would have justified the jury in finding that the driver was going at a far greater speed than 20 miles an hour. For 63 feet the wheels of his Ford car skidded over a pavement which was level and not wet, and the course of his vehicle was only brought to a conclusion by contact with a tree, which was inside the curb. The curb was badly dented by the wheel rims, as the tires flattened out. The length of the skid marks could be considered by the jury in determining the rate of speed. (*Briley* v. *Nussmaum*, 122 Kan. 438 [252 Pac. 223]; *Tischler* v. *Steinholtz*, 99 N. J. L. 149 [122 Atl. 880].) In addition thereto, were the other facts and circumstances pointed out. The fact that the car traveled some 90 feet after the brakes were applied, could also have been considered by the jury as the basis for computing the rate of speed and the amount of control exercised by the driver. (*Ortmann* v. *Leath Co.*, 187 Wis. 616 [205 N. W. 397].) The supreme court of Pennsylvania has very aptly stated, in this connection: "Nor do we see that the court erred in permitting the jury to take into considera-

tion, in judging the speed of the car, the distance which the machine traveled before it came to a stop, after it struck Mr. Lorah. That was an element very properly to be considered. The very purpose of running slowly is to enable the driver to bring the automobile quickly to a halt in case of an emergency. The test of control is the ability to stop quickly and easily. When this result is not accomplished, the inference is obvious that the car was running too fast, or the proper effort to control it was not made." (*Lorah* v. *Rinehart,* 243 Pa. 231 [89 Atl. 967].) The giving of this instruction was in direct violation of the provisions of our constitution, which expressly forbids the judge from charging the jury with respect to matters of fact. (Const. Cal., art. VI, sec. 19.)

It is obvious and patent that if the foregoing errors had not been committed the outcome of the trial might have been otherwise. Plaintiff was entitled to a fair trial upon the merits of the controversy, and we believe that she was deprived of this.

The judgment is reversed.

Hart, Acting P. J., and Plummer, J., concurred.