[Civ. No. 7294. First Appellate District, Division One.—September 30, 1930.]

WILHELMINA De GREEK, Respondent, v. WALTER ODUS FREEMAN et al., Appellants.

D. W. Burbank, C. H. Laumeister and Donahue, Hynes & Hamlin for Appellants.

A. J. Woolsey and H. Huovinen for Respondent.

KNIGHT, J.—The respondent Wilhelmina De Greek was struck and injured by an automobile driven by the appellant Walter Odus Freeman, aged about seventeen years, while respondent was attempting to board a street-car on San Pablo Avenue near the boundary line between the counties of Alameda and Contra Costa; and as a result of her injuries, she brought this action for damages, and at the trial

was awarded a verdict. ■ From the judgment entered thereon this appeal was taken, the single ground urged for reversal being the giving of the following instruction: "A driver of a motor vehicle is in charge of a dangerous instrumentality capable of inflicting serious and often fatal injuries, and for that reason he is charged by law with a *higher degree* or greater amount of care than the pedestrian." (Italics ours.) .

The correct rule as declared in the case of *Raymond* v. *Hill,* 168 Cal. 473 [143 Pac. 743], is that "while both parties (the automobile driver and the pedestrian) are charged with the *same degree* of care, *the amount* of care exacted of the driver of a motor vehicle is *far greater* than the amount of care exacted of a foot passenger" (italics ours). The case of *Weihe* v. *Rathjen Mercantile Co.,* 34 Cal. App. 304 [167 Pac. 287], holds to the same effect. It would appear, therefore, that the inclusion in the instruction of the italicized words "higher degree" was error. However, it does not necessarily follow that the error was prejudicial; and it appears that the contrary was held in the case of *Morgan* v. *Los Angeles Rock & Gravel Corp.,* 105 Cal. App. 224 [287 Pac. 152], wherein a similar error was evidently committed.

■ In the present case, in addition to the instruction complained of, the court gave to the jury no less than sixteen others dealing with the respective rights and duties of automobile drivers and pedestrians; many of these instructions were proposed by appellants and, admittedly, all of them correctly stated the law. Furthermore, it is self-evident that the technical legal distinction between a "higher degree" of care to be exercised and a "greater amount" of care to be exercised is not readily discernible to the lay mind. For these reasons it is not likely that the jury was misled by two erroneous words in this single instruction, and as a matter of law we are not prepared so to hold.

As said in *Alloggi* v. *Southern Pac. Co.,* 37 Cal. App. 72 [173 Pac. 1117, 1119]: "We are not unmindful of the rule that conflicting and contradictory instructions upon a material phase of the case require a reversal where it cannot be ascertained from the record before us which instruction prevailed, or was likely to prevail, with the jury. While it is

true that the instruction complained of in the present case is erroneous, and in a measure in conflict with several other instructions which correctly stated the rule of law relative to contributory negligence, nevertheless the correct rule of law was so specifically stated and restated to the jury that we feel that the idea in the several correct instructions must have preponderated in the consideration of the jury, and that as a consequence the erroneous instruction neither contributed to nor controlled the verdict.''

The instruction in the present case was doubtless taken from certain language used in the decision in *Vedder* v. *Bireley,* 92 Cal. App. 52 [267 Pac. 724], wherein the trial court refused to give a proposed instruction which conformed strictly to the law as declared in *Raymond* v. *Hill, supra,* and *Weihe* v. *Rathjen Mercantile Co., supra.* Such refusal was held to be error, but in restating the principle of law embodied in the rejected instruction the court on appeal deviated from the form of the instruction by inserting the two words ''higher degree''. An analysis of the decision will show that the obvious intent was to use the two phrases ''higher degree'' and ''greater amount'' synonymously; but in effect it amounted to the announcement of a new rule contrary to the one established by the cases cited in the court's decision as authority for its statement. It is manifest, therefore, that the rule embodied in the instruction quoted in that case and not the one gleaned from the comment by the court is the correct one and should be followed.

As indicated, we are of the opinion that under the circumstances stated the error is not prejudicial, and, therefore, the judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.