[Civ. No. 10195.   First Appellate District, Division One.—March 25, 1937.]

ELIZABETH GEISLER, Respondent, v. DUANE RUGH et al., Appellants.

Decoto & St. Sure, Redman, Alexander & Bacon and Herbert Chamberlin for Appellants.

Elliott Johnson and A. T. Shine for Respondent.

THE COURT.—An action for damages based on the alleged negligence of defendants.

Plaintiff's husband, Joseph Geisler, was struck and killed by an automobile owned by defendant Kramm and which,

with his permission, was being operated by defendant Rugh. Plaintiff recovered judgment against both defendants, who have appealed therefrom. They claim that the evidence was insufficient to show negligence on their part and that it established contributory negligence on the part of decedent; and further, that certain rulings of the trial court were prejudicially erroneous and that the award was excessive.

Decedent at the time of his death was employed as the assistant manager of a circus. The circus had concluded a week's engagement in the city of Albany at a location northeast of the scene of the accident and about two blocks therefrom. The decedent was injured about 3 o'clock A. M. on October 8, 1934. A collision had occurred at the same place between an automobile and a tractor owned by the circus company, partially wrecking the tractor, parts of which were collected and assembled on the west side of San Pablo Avenue. The automobile which caused this damage was then parked on the east side of the avenue. Decedent arrived on the scene at about 3 o'clock A. M., and after examining the automobile proceeded to cross the avenue to the place where the remains of the tractor were assembled. There was evidence that when he crossed the center line of the street the automobile operated by defendant Rugh was 225 feet to the north, and that when he reached a point six or eight feet west of the center this automobile was from 65 to 70 feet away. A lane for automobile travel approximately seven feet wide was marked on the pavement to the west of the center. This lane was between the center and the point which decedent had reached when he was struck. It appears that defendant Rugh was looking to the east and was not proceeding within the marked automobile lane but swerved at an angle toward the tractor. No warning was given, and decedent was struck by the front fender and headlight of the Rugh car. The testimony of the speed of this car varied, the highest testimony being 40 miles an hour. After the collision it proceeded for a distance of 119 feet before stopping. A red warning light was held by a person standing near the tractor, and flashlights were being used by policemen at the scene of the accident. Defendant Rugh testified that he saw neither the lights nor decedent until after the collision. There was evidence that Rugh had been drinking;

it was also shown that the place was well lighted and that a number of people had congregated near the wrecked tractor as well as on the sidewalk on the opposite side of the street. It appears that the automobile was not traveling in excess of the speed which under all conditions would be unlawful and that decedent crossed at a point other than within the crosswalk. It was also shown that the automobile had the right of way along the street, and under the Vehicle Act had "the privilege of the immediate use of the highway". Nevertheless, as provided by the Vehicle Code, section 510, it was defendant's duty not to drive at a greater speed than was reasonable and prudent, having due regard to the traffic on the street, or at a speed which would endanger the safety of persons or property. Nor did the law relieve him from the obligation to use due care even though it was decedent's duty to yield the right of way. (Vehicle Act, sec. 131½, subd. c.) In this connection it has been held that the motorist must use ordinary care and caution in proportion to the danger shown by the circumstances in each case in order to avoid colliding with other vehicles or with pedestrians; and, as a general rule, the question whether such care has been used is one for the jury. (*Donat* v. *Dillon,* 192 Cal. 426 [221 Pac. 193]; *Evans* v. *Mitchell,* 2 Cal. App. (2d) 702 [38 Pac. (2d) 437].)

We are satisfied that in the present case sufficient was shown to justify the submission of the issue of defendant's negligence to the jury. The evidence tends strongly to show that the decedent had in fact yielded the right of way to the automobile had it proceeded in the course it was following when he crossed the center of the street; and it appears sufficiently that the swerving of the vehicle to the right, due, as it fairly appears, to the fact that the driver was not observing the street in front but the objects on his left, caused the collision. No one witness observed the acts of the decedent during the whole time that he was crossing the center of the street, nor did any witness testify that he failed to look for approaching vehicles. It is to be presumed that he used ordinary care in that regard (Code Civ. Proc., sec. 1963, subd. 4; *Hatzakorzian* v. *Rucker-Fuller Desk Co.,* 197 Cal. 82 [239 Pac. 709, 41 A. L. R. 1027]), and we cannot say from the circumstances shown that this presumption was overcome by the evidence.

■ Appellants contend on this question that the evidence shows as a matter of law that the decedent was guilty of contributory negligence. In the cases cited by them in support of this contention, namely, *Horton* v. *Stoll*, 3 Cal. App. (2d) 687 [40 Pac. (2d) 603]; *Ramsperger* v. *Los Angeles M. C. Co.*, 4 Cal. App. (2d) 673 [41 Pac. (2d) 562], *Gaston* v. *Hisashi Tsuruda*, 5 Cal. App. (2d) 639 [43 Pac. (2d) 355], and *Chase* v. *Thomas*, 7 Cal. App. (2d) 440 [46 Pac. (2d) 200], the injured persons failed to yield the right of way, and either walked directly into the path or against the side of the approaching vehicle. There was sufficient to go to the jury on this issue, and their conclusion was not unreasonable.

■ Instructions, stating the presumption mentioned, were given. Appellants urge that under the evidence this was error. Whatever be the rule where the facts are certain, here the evidence was not such as to have that effect, and we cannot say that facts were proved contrary to the presumption. (*Mar Shee* v. *Maryland Assur. Corp.*, 190 Cal. 1 [210 Pac. 269].) The instructions were therefore proper.

■ Appellants also complain of an instruction that while decedent and the driver were required to use the same degree of care, the latter, owing to the fact that he was operating a vehicle capable of inflicting injury upon others, was chargeable with a greater amount of care than the former. Such an instruction has been approved in several cases, namely: *Raymond* v. *Hill*, 168 Cal. 473 [143 Pac. 743]; *Weihe* v. *Rathjen Mercantile Co.*, 34 Cal. App. 302 [167 Pac. 287]; *De Greek* v. *Freeman*, 108 Cal. App. 645 [291 Pac. 854]; *Anderson* v. *Walters*, 135 Cal. App. 380 [27 Pac. (2d) 100].

■ The jury was also charged that the rights and duties of persons using the public streets are reciprocal; that decedent had no more right to such use than the defendant and that each had the same right. Appellants claim that these instructions conflict with another, stating that the pedestrian crossing the street at a point other than within a marked or unmarked crosswalk must yield the right of way to vehicles.

The instructions must be read together, and the last but stated an exception to the general rule. This the jurors, as intelligent persons, must have understood, and it is not reasonable to assume that they were misled.

■ The court refused an instruction that it was the duty of decedent to look both ways before he stepped into the street and to "look and observe any vehicle that was approaching during the time he was on the street from the direction in which danger would be apprehended", and that "this was a continuing duty which the law demanded of him, which he should perform before it could be said that he was using ordinary care . . . " While no witness testified that the decedent looked to the north before starting to cross, it must be presumed that he used ordinary care in that regard. Having done so, and justifiably concluded that he could safely cross, it was not his duty to continuously gaze in that direction while crossing, and the instruction was properly refused. (*Filson* v. *Balkins*, 206 Cal. 209 [273 Pac. 578]; *Henry* v. *Lingsweiler*, 81 Cal. App. 142 [253 Pac. 357]; *Long* v. *Barbieri*, 120 Cal. App. 207 [7 Pac. (2d) 1082].)

■ Lastly, it is claimed that the award against appellant Rugh, namely, $20,000, indicated that the jury was moved by passion and prejudice. In view of decedent's life expectancy and annual earnings, we cannot say that this amount was under the evidence excessive.

The conclusions of the jury were fairly sustained by the evidence, and no error was committed which would justify a reversal.

The judgment is affirmed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 24, 1937, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 24, 1937.