[Civ. No. 11690. Second Appellate District, Division Two.—May 27, 1938.]

LUCY E. BROUN, Respondent, v. W. D. BLAIR, Appellant.

614

C. F. Jorz for Appellant.

Catlin & Catlin for Respondent.

WOOD, J.—Defendant appeals from an order in general terms granting plaintiff's motion for a new trial after judgment was entered in favor of defendant upon the return of a jury's verdict.

Plaintiff seeks to recover damages resulting from the death of her son, Percy H. Broun, who was killed when he was struck by an automobile driven by defendant. The accident occurred at the intersection of Main and Second Streets in the city of Alhambra at about 7:30 P. M., on January 29, 1937. The decedent was walking in a pedestrian zone at the intersection in question and was struck about twenty-four feet from the curb. The street was well lighted. Defendant testified that he did not see the decedent until he was under the car. Other witnesses testified that decedent looked in both directions, to his right and to his left, before he was struck. Defendant presented three defenses, that he himself was not negligent, that the decedent was contributorily negligent and that the accident was unavoidable.

The court erred in refusing to give to the jury the following instruction requested by plaintiff: "I instruct you that defendant Blair, the driver of the automobile, and Percy Hamilton Broun, the pedestrian, were both chargeable with only the exercise of reasonable care, but a greater amount of such care was required of the defendant Blair at the time of

the accident in question by reason of the fact that he was driving and operating an automobile which was capable of inflicting death or injury upon others upon the highway." In *Vedder* v. *Bireley,* 92 Cal. App. 52 [267 Pac. 724], the same instruction was requested and the refusal of the trial court to give it was held to be erroneous. A similar ruling was made in *Pinello* v. *Taylor,* 128 Cal. App. 508 [17 Pac. (2d) 1039]; *Dawson* v. *Lalanne,* 22 Cal. App. (2d) 314 [70 Pac. (2d) 1002].

■ The trial court refused to give an instruction requested by plaintiff as follows: "I instruct you that there is a presumption that Percy Hamilton Broun used ordinary care for his safety as he was crossing the highway on the night he was injured. This presumption is in itself a species of evidence and it shall be so considered in your deliberations until and unless it is overcome by satisfactory evidence." This instruction should have been given. (*Smellie* v. *Southern Pac. Co.,* 212 Cal. 540 [299 Pac. 529]; *Geisler* v. *Rugh,* 19 Cal. App. (2d) 738 [66 Pac. (2d) 671]; *Lam Ong* v. *Pacific Motor Co.,* 16 Cal. App. (2d) 274 [60 Pac. (2d) 480].) In *Stealey* v. *Chessum,* 123 Cal. App. 446 [11 Pac. (2d) 428], it was held that the court erred in refusing to give an instruction couched in the same language as the one under discussion. Although the plaintiff in the present case offered the testimony of an eye-witness it cannot be held that the testimony was inconsistent with the presumption mentioned in the proffered instruction.

■ The court erroneously gave to the jury this instruction: "You are instructed that even though you may find from the evidence the deceased was entitled to the right of way under the Vehicle Code, still that fact, if you should find it to be a fact, would not relieve the deceased from the duty to exercise ordinary care and caution or that degree of care and caution which an ordinary and prudent person would exercise under the same and similar circumstances in keeping a reasonable lookout for approaching automobiles and if you find from the evidence in this case that the deceased failed to exercise ordinary care in keeping a lookout for approaching vehicles, then I charge you the deceased was guilty of negligence, regardless of who you may find under the evidence had the right of way, and such negligence, if any, would bar a recovery by the plaintiff as heir in this case." The instruc-

tion is defective in that it omitted the element of proximate cause. In order to bar a recovery the negligence of the deceased must have been a proximate cause of the injury. The error was not cured by the giving of other instructions. (*La Rue* v. *Powell,* 5 Cal. App. (2d) 439 [42 Pac. (2d) 1063].)

Defendant contends that the deceased was guilty of contributory negligence as a matter of law. Sufficient evidence was received to justify the submission of this issue to the jury.

Since errors were committed by the trial court in the course of the trial the order granting a new trial must be upheld. The order is affirmed.

Crail, P. J., and McComb, J., concurred.