[Civ. No. 10541. First Appellate District, Division One.—August 11, 1939.]

DOLORES MARTIN, Respondent, v. JOE VIERRA, Appellant.

Frank V. Campbell, Robert E. Hayes and Walter E. Rankin for Appellant.

Jensen & Holstein and Robert E. Cassin for Respondent.

KNIGHT, J.—The plaintiff, Dolores Martin, about seventy years of age, while attempting to cross a public street in the business section of Santa Clara during the noon hour on a clear day, was knocked down and severely injured by a delivery automobile owned and driven by the defendant Joe Vierra; and she brought this action against him for damages. At the trial the cause was submitted to the determination of a jury on three issues of fact, namely, negligence of defendant, negligence of plaintiff, and the last clear chance; and a verdict was rendered in favor of plaintiff for the sum of $2,500. From the judgment entered thereon the defendant appeals. Summarized, the grounds urged for reversal are

that the trial court erred in refusing to grant defendant's motion for a directed verdict; that there was a want of evidence to justify the submission to the jury of the issue of the last clear chance; and that the jury was erroneously instructed. We are satisfied that no prejudicial error has been shown.

 The law governing the right of a trial court to grant a motion for directed verdict is well settled. As said in the *Estate of Lances*, 216 Cal. 397 [14 Pac. (2d) 768], wherein numerous earlier cases are cited, such a motion may be granted only when, disregarding conflicting evidence and giving to plaintiff's evidence all the value to which it is legally entitled, herein indulging in every legitimate inference which may be drawn from that evidence, the result is a determination that there is no evidence of sufficient substantiality to support a verdict in favor of the plaintiff if such a verdict were given; that therefore unless it can be said as a matter of law that, when so considered, no other reasonable conclusion is legally deducible from the evidence, and that any other holding would be so lacking in evidentiary support that a reviewing court would be impelled to reverse it upon appeal, or the trial court to set it aside as a matter of law, the trial court is not justified in taking the case from the jury. Continuing, the court points out that such a motion is in the nature of a demurrer to the evidence, is governed by practically the same rules, and concedes as true the evidence on behalf of the adverse party, with all fair and reasonable inferences to be deduced therefrom; that in the determination of such a motion the trial court is controlled by rules entirely different from those governing in the matter of granting a new trial; that on motion for a new trial, the trial court may weigh the evidence and judge of the credibility of the witnesses, whereas on a motion for a directed verdict, it may not do so, its power in passing upon such motion being strictly limited; that therefore, while the state of the evidence may be such as would warrant the trial court in granting a new trial, it would not be justified in directing a verdict on the same evidence. In other words, says the court, the function of the trial court on motion for directed verdict is analogous to and practically the same as that of a reviewing court in determining on appeal whether there is any evidence in the record of sufficient substance to support a verdict.

Measured by the foregoing rules, it is apparent that the evidence here falls far short of being such as would have warranted the trial court in granting a motion for a directed verdict, for the reason that it was conflicting on material points, and the facts and circumstances adduced in support of plaintiff's case were amply sufficient to justify a verdict against the defendant on any one or all of the following grounds: driving his automobile at a speed greater than was reasonable and prudent, having regard to the traffic and so as to endanger the safety of persons crossing the street; operating the same with defective brakes; and failure to exercise due care to avoid colliding with plaintiff after having observed her in the street in a position of peril. In other words, it affirmatively appears from the evidence that when defendant first saw plaintiff she was in the street fifty feet or more distant from him; that he observed she was an elderly woman, and was attempting to cross the street, that he gave no warning of his approach, and although he applied his brakes at a point some thirty-three feet distant from the point of collision, plaintiff was hurled twelve feet by the force of the impact, and the automobile was not brought to a stop until it reached the curb about twenty-three feet beyond the point of collision.

Defendant's contention that plaintiff was guilty of contributory negligence as a matter of law is based upon the fact that the city maintained an ordinance requiring pedestrians while crossing the streets in the business section to keep within lanes marked by white lines, and certain testimony introduced in behalf of defendant to the effect that plaintiff was attempting to cross the intersection outside of the pedestrian lanes. On the other hand, there are ample circumstances disclosed by the evidence which reasonably support the claim made in behalf of plaintiff that she was actually within the pedestrian lane when she was struck. In any event, the situation presented by the evidence was such as to justify the conclusion that after defendant observed plaintiff in the street in a position of peril of which she was obviously unaware, he had the last clear chance to avoid colliding with her by diverting the course of his automobile to the left, which he readily could have done if he had been driving prudently and with due care, instead of swerving to the right. He claimed that if he had adopted the former course

he would have collided with a truck; but there is testimony in the record showing that the location of the truck would not have interfered with such movement. It is quite evident, therefore, that in the foregoing state of the evidence the trial court properly denied defendant's motion for a directed verdict, and submitted the cause to the determination of the jury on the issues of fact above mentioned.

With respect to the instructions, complaint is made first of a group given at plaintiff's request pertaining to the doctrine of the last clear chance, the chief criticism made being that certain elements of the doctrine were omitted therefrom. The rule is, however, that all instructions given must on appeal be taken and considered as a whole; and here the record shows that in addition to those challenged the court gave others proposed by the defendant wherein all of the elements of said doctrine were clearly and correctly stated. Therefore, when the latter are read in connection with those criticized, it becomes apparent that the law bearing upon the subject of the last clear chance was fully and fairly presented to the jury.

The next objection goes to instruction No. 7 proposed by plaintiff, to the effect that plaintiff had the right to cross the street at any point and was chargeable in so doing only with the exercise of due care. On account of the existing city ordinance requiring pedestrians while crossing the streets in the business district to keep within lanes marked for such purposes, it is evident that said instruction was inapplicable to the facts of this case and therefore should not have been given. It appears, however, that later in its charge the court gave another instruction proposed by the defendant wherein the law upon the subject was clearly and correctly stated. This latter instruction is numbered 49, and is as follows: "In addition to the general rule of ordinary care which applies to the conduct of all parties using the streets, a traffic ordinance of the city of Santa Clara, in full force and effect at the time this accident occurred, provided as follows: Section 10. Pedestrian's Limited Right to Use of Roadway. When within the business district, no pedestrian shall cross a roadway other than by a crosswalk. . . . It shall be unlawful for any person to be in any roadway other than a safety zone or crosswalk, provided that this provision shall not be construed to prevent the necessary use of a roadway by a

pedestrian. . . . The court instructs you that a violation of the foregoing ordinance by the plaintiff would be negligence as a matter of law on her part, unless such violation was excused. The court further instructs you that the place where this accident occurred was within a business district, and therefore it was a violation of the ordinance for the plaintiff to cross at any other place than within a crosswalk.'' Moreover, the record shows that after the jury retired to deliberate and before it reached a verdict it returned into court at its own request, called the court's attention to the apparent conflict between the two instructions so given, and asked that the matter be clarified; whereupon after some discussion the court re-read defendant's instruction No. 49 (the correct one) and omitted entirely any reference to instruction No. 7 (the inapplicable one); and following the reading of the correct instruction it re-read also at the request of the foreman of the jury another instruction proposed by defendant to the effect that the slightest degree of contributory negligence on plaintiff's part barred her recovery, no matter how negligent defendant may have been. Thereupon the jury again retired to deliberate, and subsequently returned its verdict in favor of plaintiff. The governing rule is that the giving of conflicting instructions does not serve as ground for reversal where it appears that the jury was not misled thereby (2 Cal. Jur., p. 1027; 1 Cal. Jur. Ten-Year Supp., p. 646); and manifestly this is such a case, for as will be seen from the foregoing, the jury itself noted the conflict before it reached an agreement on the merits, and upon returning into court it was not only correctly instructed on the doubtful point but as shown by the record the confusion which had theretofore apparently arisen by reason of the conflict was clarified to the satisfaction of the jury before it again retired to deliberate upon its verdict. As held in the following cases, the determination of the question of whether a jury has been misled by conflicting instructions must depend necessarily upon the circumstances of each particular case (*Barkaus* v. *Producers Fruit Co.*, 192 Cal. 200 [219 Pac. 435]; *Pittam* v. *City of Riverside*, 128 Cal. App. 57 [16 Pac. (2d) 768]); and here the proceedings had following the return of the jury into court for the very purpose of being advised as to which of the two instructions properly declared the law show beyond doubt that the jury fully understood before it reached

its verdict that instruction No. 49 as re-read to them was controlling.

Also without merit are the objections made to instructions No. 9, No. 15 and No. 16 regarding the amount of care required of an automobilist and a pedestrian respectively. (*Weihe* v. *Rathjen Mercantile Co.,* 34 Cal. App. 302 [167 Pac. 287].) Indeed, quite contrary to the contentions made by defendant in this behalf, it is held to be error to refuse instructions in the form here challenged (*Dawson* v. *Lalanne,* 22 Cal. App. (2d) 314 [70 Pac. (2d) 1002]; *Broun* v. *Blair,* 26 Cal. App. (2d) 613 [80 Pac. (2d) 95]; *Vedder* v. *Bireley,* 92 Cal. App. 52 [267 Pac. 724]; *Pinello* v. *Taylor,* 128 Cal. 508 [17 Pac. (2d) 1039]); and in *Dawson* v. *Lalanne, supra,* the refusal was held to be reversible error. Nor may the verdict be set aside because of the incidental reference in one of said instructions to an automobile as a dangerous instrumentality capable of inflicting severe injuries. (*Del Carlo* v. *Oberti,* 2 Cal. App. (2d) 304 [37 Pac. (2d) 1050].) In *Warnke* v. *Griffith Co.,* 133 Cal. App. 481 [24 Pac. (2d) 583], relied on by defendant, the trial court refused to give an instruction embodying among other matters the principle of law here questioned, and such refusal was upheld on appeal; not, however, upon the ground, as defendant argues, that such was not the law, but because the requested instruction was "very long" and involved, and the other legal matters incorporated therein would have had the effect of confusing the jury. In fact the soundness of the principle of law here objected to was there expressly recognized, the court in this behalf saying: " . . . and while it is undoubtedly true that the amount of care required of the driver of the truck was greater than that required of appellant, as set forth in the part of the instruction refused by the court, and while such instruction sets forth a correct principle of law, we are of the opinion that the charges given by the court are equally sound as principles of law."

Defendant's final point is directed against instruction No. 20, bearing upon the issue of contributory negligence and having particular reference to the standard to be used in measuring the degree of care to be exercised by persons "mentally deficient by reason of old age". As authority for the instruction plaintiff cites the statement of law set forth in section 40, 19 California Jurisprudence at page 603, which is

founded on certain portions of the opinion rendered in
*Giraudi* v. *Electric Imp. Co.,* 107 Cal. 120 [40 Pac. 108, 48
Am. St. Rep. 114, 28 L. R. A. 596]; and it is quite apparent
that the theory upon which the instruction is based finds sup-
port in the general language used in said opinion, as well
as in the quotation therein from Shearman and Redfield on
Negligence (sec. 87). However, assuming that the instruc-
tion in the form here presented and given deviated somewhat
from the precise standard of conduct contended for by de-
fendant, it cannot be said that the giving of this single in-
struction had the prejudicial effect claimed by defendant, for
as said in the following cases, "in determining whether a jury
has been properly instructed as to the law, the instructions
taken as a whole must be considered; . . . and questionable
instructions are not ground for reversal where the rights of
appellant are clearly stated to the jury in other instructions"
(*American Marine Paint Co.* v. *Nyno Line, Inc.,* 70 Cal. App.
415 [233 Pac. 366]; *Anderson* v. *Southern Pac. Co.,* 129
Cal. App. 206 [18 Pac. (2d) 703]); and here not only was
the jury instructed in several instances throughout the court's
charge in accordance with defendant's views, but the court
gave also an instruction proposed by the defendant which in
terms and substance was extremely favorable to defendant,
to the effect that if the jury found that plaintiff "by reason
of physical infirmity or old age was more apt to have difficulty
in going about the public streets, then ordinary care on her
part would require her to use more care for her own protec-
tion . . . than would be required of one who is not so apt
to be injured or fall by reason of such infirmity . . . "
Moreover and in any event, the question of the precise cor-
rectness of instruction No. 20 is not vital in the present case
because as stated the evidence was amply sufficient to justify
the jury in finding against the defendant under the doctrine
of the last clear chance, which, as shown by defendant's in-
struction No. 46, can be applied only after finding that the
plaintiff has in fact been negligent. In this connection at-
tention may be properly called to the general rule of law that
"where several issues in a cause are tried and submitted to a
jury for its determination, a general verdict may not be dis-
turbed for uncertainty, if one issue is sustained by the evi-
dence and is unaffected by error." (*Hume* v. *Fresno Irr.
Dist.,* 21 Cal. App. (2d) 348 [69 Pac. (2d) 483].) And

reference may be made also to the constitutional inhibition that no judgment shall be set aside or new trial granted in any case, on the ground of misdirection of the jury, unless after an examination of the entire cause, including the evidence, the court should be of the opinion that the error complained of has resulted in a miscarriage of justice. (Art. VI, sec. 4½, Const. Cal.) In the present case there is no reasonable ground upon which it may be so held.

The judgment is affirmed.

Peters, P. J., and Ward, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 9, 1939, and the following opinion then rendered thereon:

THE COURT.—The petition for hearing is denied. However, we expressly withhold our approval of the following statement in paragraph four of the opinion of the District Court of Appeal concerning the rule of last clear chance: "In any event, the situation presented by the evidence was such as to justify the conclusion that after defendant observed plaintiff in the street in a position of peril of which she was obviously unaware, he had the last clear chance to avoid colliding with her by diverting the course of his automobile to the left, which he readily could have done if he had been driving prudently and with due care, instead of swerving to the right."