[Civ. No. 7597. Second Appellate District, Division One.—December 31, 1931.]

VIRGINIA ANN McCORMAC, Respondent, v. C. R. CHANCY et al., Defendants; R. L. BRUNSON, Appellant.

Clark, Nichols & Eltse and Preisker, Goble & Twitchell for Appellant.

Shaeffer & Weldon for Respondent.

YORK, J.—This is an appeal from a judgment rendered in favor of plaintiff and against defendant Brunson only, for damages on account of injuries sustained by plaintiff on August 7, 1929, when appellant's automobile, northbound, struck plaintiff as she was crossing the highway from west to east, but after she had proceeded approximately from two to six feet beyond the paved portion on the east side of the highway, which was the generally traveled portion thereof, at a point about fifty feet south of the intersection of the highway with another street in the city of Santa Maria. The paved portion of the street at the point where plaintiff was injured was eighteen feet in width. The distance between the eastern edge of the pavement and the property line on the east side of the street was about sixteen feet. There was also evidence showing that traffic could pass on the side where plaintiff was injured (the east side) on that portion of the highway between the curb and the paved or generally traveled portion of the highway.

The facts disclosed by the evidence are that the plaintiff alighted from an automobile on the west side of the street and started to cross to the east side; that when she reached the paved portion of the highway, before entering the same, she looked in both directions and observed an automobile approaching from the north; that she waited until this car had passed, looked again and saw the automobile —which later struck her—about one block distant, coming from the south, on its own (the east) side of the street. She then hurried across the paved portion of the street, and when she had entirely passed over the paved portion, she began to slow up. The machine in which the appellant was riding either skidded or was driven off the paved portion of the highway close to the point where the plaintiff then was, and the projecting luggage carrier on the left side of appellant's automobile came in contact with plaintiff's leg, very seriously and probably permanently injuring her.

A great many objections are made to the instructions given, and objections are made to the court's refusal to give certain instructions requested by defendants. However, the instructions as a whole properly and completely covered the law applicable to the facts admitted in evidence.

There was some conflict in the evidence, but the main reliance of defendants, in so far as the insufficiency of the evidence is concerned, is upon the testimony of plaintiff that she did not look back or on either side of her, after she had passed over the paved or main traveled portion of the highway. This fact was fully before the jury, and it was a question for them to determine whether or not this constituted negligence on the part of the plaintiff under all of the facts and circumstances of the case.

The judgment is affirmed.

CONREY, P. J., Concurring.—I concur in the judgment. But I do not agree to an unrestricted approval of the instructions given to the jury. Instruction No. 15 reads thus: "You are instructed that the driver of a motor vehicle is in charge and control of a dangerous instrumentality, capable of inflicting serious and often fatal injuries, and for that reason he is charged by the law with a higher degree or greater amount of care than the pedestrian." It is not a correct expression of the rule to say that the driver of a motor vehicle is charged by law with a *higher degree* of care than is the pedestrian. Counsel is in error when he says that the instruction given is the same instruction which was approved in *Vedder* v. *Bireley*, 92 Cal. App. 52 [267 Pac. 724]. The instruction there under consideration is quoted at the bottom of page 58 (92 Cal. App.) of the opinion. It specifically stated that the defendant and the plaintiff were both chargeable with only the exercise of reasonable care, but that *"a greater amount of such care* was required of the defendant". But while I think that the use of the words "a higher degree" in said instruction No. 15 was incorrect, I also am of the opinion that the entire clause in which it occurs, when taken together with the other instructions given (and the fact that it is not claimed as a ground of reversal, that the defendant was not in fact guilty of negligence), makes of the error a thing of negligible importance. It is not likely that the

jury made any fine distinction between "degree" and "amount". Moreover, the jury was instructed (inst. No. 20) concerning the equal and common right of pedestrians and automobile drivers in the use of public highways and that "all persons using the same must exert constant care and caution for the conservation of their correlative rights commensurate with the special hazard which is peculiar to and nowadays ever present in the use of public highways". A reading of the other instructions shows that the court nowhere undertook to discuss the differences between ordinary care, slight care and extraordinary care, but was seeking to instruct the jury concerning the rules applicable to different persons alike bound to the use of ordinary care.

■ Instruction No. 22 deals with the liability of an owner whose car is being driven by another person. Objection is made to the clause thereof which says: "that in all cases where the owner is present he will be responsible for injuries sustained by third persons unless", etc. Unfortunately the element of negligence of the driver was omitted from the statement; with the consequence that appellant now claims that the instruction was an unqualified instruction for a verdict in favor of the plaintiff. Again we must have recourse, as we reasonably may do, to the other instructions, which clearly declare that the plaintiff cannot recover without establishing negligence as a proximate cause of the injury. Not only so, but the court even went so far as to tell the jury (inst. No. 6) that "the affirmative is upon the plaintiff in this case", without making the appropriate exception which should have been made in relation to the issue of contributory negligence.

Concerning the other instruction given of which appellant complains (inst. No. 35) it is not criticised as an erroneous statement of the law, but only as not justified by the evidence. I am inclined to think that the instruction was appropriately given.

■ Appellant complains that the court refused certain instructions requested by him. They are found on pages 206, 207 and 208 of the transcript. If the court had not given other instructions in effect covering the same ground, I think it would have been seriously an error to have refused some of them; and particularly those relating to

474

the equal duty of both parties to exercise ordinary care under the circumstances existing at the time when the accident occurred, and the duty of the plaintiff to use ordinary care and to reasonably exercise for her personal safety her powers of sight and hearing. But the court did give instructions which in substance declared the equal and correlative rights and duties of the parties, and also declared (inst. No. 24) that the law requires of the pedestrian that "he must look at least in those directions from which danger may be easily apprehended as often and as carefully as would a person of ordinary prudence under like circumstances". .I conclude that the judgment should be affirmed.

Houser, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 29, 1932.