[Civ. No. 9283. First Appellate District, Division One.—November 20, 1934.]

EVA DEL CARLO, a Minor, etc., Respondent, v. GIOVANNI OBERTI, Appellant.

Cooley, Crowley & Supple for Appellant.

J. Francis Shirley for Respondent.

McNUTT, J., *pro tem.*—In the daytime, in a residential section, while several children, among them plaintiff, a girl aged seven years, were playing near defendant's driveway next to her home, defendant backed his Ford car out of his garage, stopped same with front wheels on the sidewalk, alighted and closed the garage doors. He got into the car and drove same a short distance, with the left front wheel on the sidewalk, until it struck and ran over the plaintiff, who was playing on the sidewalk near the curb. A witness saw the left rear wheel pass over her body and when he picked her up she was out of breath, could not speak or stand, and was holding her side and stomach, gasping for breath and frothing at the mouth.

Defendant, called under section 2055 of the Code of Civil Procedure, testified that he backed his car out of the garage

without sounding a horn, having looked to his rear without seeing the child or children and "hit a little girl" off the sidewalk and in the street.

■ Medical testimony of plaintiff—defendant offered none—established a fractured collarbone with one-quarter inch displacement and some permanent deformity; some damage in the abdominal cavity, and an enlarged liver resulting probably from the accident. The child was in a cast in the hospital for a month. She had then and thereafter tenderness and muscle rigidity in the abdomen and region of the large bowel, attacks of vomiting and stomach tenderness and complained of pains. One of the three medical witnesses for plaintiff was an abdominal specialist under whose care she was at the time of the trial. The verdict of $4,000 was based upon sufficient evidence and the award, not attacked as excessive, is not so as matter of law.

The specific assignments of error are that the court erred in its instructions, and that the trial judge was guilty of misconduct in commenting upon or stating the effect of certain evidence.

■ The first instruction complained of follows: "The defendant driver of the automobile involved in this case was in charge of a dangerous instrumentality, capable of inflicting serious injuries and death, and for that reason he was charged by law with a duty to operate said automobile in a careful and prudent manner."

In the pedestrian case of *Raymond* v. *Hill,* 168 Cal. 473 [143 Pac. 743], the court said that an automobile had power to inflict injury or death and referred to it as a terrifying machine.

In the following cases the automobile is said to be a dangerous instrumentality in that it has power to inflict serious injury and death: *Weihe* v. *Rathjen Merc. Co.,* 34 Cal. App. 302 [167 Pac. 287]; *Vedder* v. *Bireley,* 92 Cal. App. 52 [267 Pac. 724]; *De Greek* v. *Freeman,* 108 Cal. App. 645 [291 Pac. 854]; *McCormac* v. *Chancy,* 119 Cal. App. 470 [6 Pac. (2d) 978]; *Anderson* v. *Walters,* 135 Cal. App. 380 [27 Pac. (2d) 100].

Appellant cites authority to the point that an automobile or motor vehicle is not in itself a dangerous machine or instrumentality, and that it cannot be placed in the same category as ferocious animals, locomotives, gunpowder, dyna-

mite and similar dangerous machines and agencies (42 C. J. 614, 615) and refers to *Buelke* v. *Levenstadt,* 190 Cal. 684–688 [214 Pac. 42], as follows: ''While an automobile is not, in and of itself, a dangerous machine, it may become such in the hands of a careless and indiscreet person.''

An automobile intrinsically or statically is not only not a dangerous instrumentality, but for that matter is not an instrumentality at all. However, in locomotion, it is a dangerous instrumentality when not driven in a careful and prudent manner. In view of the evidence this instruction cannot be said to have confused or misled the jury merely because the instruction referred to the automobile ''in this case''. On the oral argument appellant took the position that the instruction singled out this particular defendant and his automobile. That contention, however, does not seem meritorious.

■ An instruction (sec. 95 [a] of the Motor Vehicle Act) that every motor vehicle when operated on a highway shall be equipped with a horn in good working order capable of emitting sound audible under normal conditions from a distance of not less than 200 feet, should not have been given because the presence or absence of a horn was not in issue, but it is not reversible error because the evidence of negligence was so plain that no miscarriage of justice resulted therefrom; furthermore, the jury was not instructed that a violation of the act constituted negligence as matter of law.

■ The contention that the trial judge was guilty of misconduct and that he commented on evidence to the detriment of the appellant-defendant, is not well grounded. A plaintiff medical witness was under cross-examination when counsel for defendant put a question (p. 161 of the transcript), to which counsel for plaintiff objected upon the ground that it assumed facts not in evidence.

''The Court: Is that in evidence?

''Mr. Shirley: (For plaintiff) I do not believe it is.

''Mr. Supple: Well, I will leave it to the jury on that.

''The Court: Well, you cannot do that.

''Mr. Supple: I simply stated it is in evidence within forty-eight hours Dr. Waller said—

''The Court: You have said that in your question, but counsel says it is not in evidence. You maintain that it is.

"Mr. Supple: I will put it this way: Q. Doctor, suppose—

"The Court: If there is any dispute about evidence, we cannot leave it to the jury. Just address the court, and the court will have the record examined. The jury cannot remember any more than the judge or the counsel, possibly. But the record speaks for itself. Therefore, don't refer things to the jury. Just address the court.

"Mr. Supple: All right, Your Honor. May I read—

"The Court: From your record?

"Mr. Supple: No, I am reading from the official testimony given by Dr. Waller on page 3 of Dr. Waller's testimony.

"The Court: Was the testimony transcribed?

"Mr. Supple: By Mr. Purrington, the official reporter.

"The Court: Well, I was never notified of that fact, I didn't know it was transcribed. I should have been notified about it.

"Mr. Supple: Yes, Your Honor.

"The Court: Well, I didn't know it. The reporter failed to notify me about it. It is the first I have heard of it. If you have it transcribed, point to it, or let me see it without reading it to the jury.

"Mr. Supple: Certainly, Your Honor."

The court then read from the examination of the doctor. (Pages 162 and 163 of the transcript):

"Mr. Shirley: Of course, it doesn't say it went down in 48 hours. But if Mr. Supple wants that question, I will withdraw the objection.

"The Court: Well, it doesn't say it went down within 48 hours, either."

This observation of the court is assigned as misconduct. Inasmuch as the testimony was read, it cannot be said that the court was wittingly guilty of misconduct or of commenting upon the weight or effect of evidence.

"Mr. Supple: I will stand on the record, Your Honor, if I may. Q. Well, Doctor, suppose the abdominal condition cleared up in 48 hours."

Mr. Shirley objected on the ground that many other elements were omitted.

"The Court: Well, have you withdrawn this other question?

"Mr. Supple: I am putting the last one to him, Your Honor.

"The Court: Read it. (Question read.)

"The Court: Well, I think that is a proper question on cross-examination. On redirect you can ask him about other conditions. Supposing it cleared up in 48 hours. There is some reference in that transcript to the fact that after the colon flushing the swelling of the abdomen subsided, isn't that it?

"Mr. Supple: Yes, Your Honor.

"The Court: You will have to base your question upon that testimony.

"Mr. Supple: Q. Would that fact have any influence in your professional opinion, Doctor, that this condition which you say is the enlargement of the liver was caused by an injury?

"The Court: Well, I don't understand that question. You had better withdraw it and put your question again."

Plaintiff's counsel objected on the ground that there was no evidence that it cleared up in forty-eight hours.

"The Court: The evidence is, according to the transcript, that the abdominal swelling subsided after a flushing of the colon. It doesn't say whether 24 hours or 56 hours, but it says it subsided.

"Mr. Shirley: I am willing to stand on the record with Mr. Supple.

"The Court: Well, that is the record.

"Mr. Shirley: And it doesn't say that in this record that he has.

"Mr. Supple: I will withdraw all my questions and I ask for leave to read the testimony to the jury when I argue my case."

Mr. Shirley stated that he had no objection to its being read at the moment.

"Mr. Supple: Well, Your Honor, may I conduct my own cross-examination without interruption by counsel?

"The Court: Well, any other questions of this doctor?"

Whereupon Mr. Supple questioned the doctor along other lines and said "That is all." (Page 166 of the transcript.)

No exception was taken to the court's remarks, but the question of whether an exception was necessary need not be discussed for the reason that the transcript discloses that

the trial judge was endeavoring to have the testimony in dispute accurately put before the jury, and while the remark "It·does not say that either" might well have been omitted, in the light of the context it was harmless.
Appellant's criticism that the judge's remark that he had not been informed that the testimony had been transcribed and that he should have been notified was taken by the jury as a reflection upon counsel to the disadvantage of his client, is a forced interpretation of language. He said in effect that had he been told in the first place that there was a transcript there would have been no occasion to speculate as to what it contained.

The finding that the defendant's negligence was the proximate cause of the plaintiff's injury is amply supported by evidence, the verdict is not excessive, and there is no reversible error in the colloquy between and among counsel and the court.

Judgment affirmed.

Tyler, P. J., and Knight, J., concurred.