[Civ. No. 11481. Second Appellate District, Division Two.—August 12, 1937.]

JOHN L. DAWSON, Appellant, v. ALEXANDER LA-LANNE, Respondent.

John H. Foley and Thurlow T. Taft for Appellant.

Gibson, Dunn & Crutcher and Philip C. Sterry for Respondent.

WOOD, J.—Plaintiff, a pedestrian, was crossing La Salle Street in Culver City when he was struck by an automobile driven by defendant. He brought this action for damages claiming negligence on the part of defendant. From a judgment in defendant's favor entered upon the return of a jury's verdict he prosecutes this appeal.

Plaintiff complains of the ruling of the trial court in refusing to give to the jury an instruction in the following language: "You are instructed that the plaintiff and the defendant were both chargeable only with the exercise of ordinary care, but a greater amount of such care was required

of the defendant at the time of the accident in question by reason of the fact that he was driving and operating an automobile, which is an instrumentality capable of inflicting serious and often fatal injuries upon others using the highway.'' This instruction clearly states the rule of law applicable to the facts of the case and has been approved in a number of cases. In *Weihe* v. *Rathjen Mercantile Co.*, 34 Cal. App. 302 [167 Pac. 287], the court said: ''Nor do we think the court misdirected the jury in reading to them from the case of *Raymond* v. *Hill,* 168 Cal. 473, 483 [143 Pac. 743], as follows: 'While both parties are charged with the same degree of care the amount of care exacted of the driver of a motor vehicle is far greater than the amount of care · exacted of the foot passenger.' As said by counsel for the plaintiff, the degree of care exacted of both users of the highway is the same; the amount of care must of necessity vary in order that the degree may not. The driver of a motor vehicle—a dangerous instrumentality capable of inflicting fatal injuries—is charged with a greater amount of care than the pedestrian, in order that he may be bound to the same standard of ordinary care.'' In *Vedder* v. *Bireley,* 92 Cal. App. 52 [267 Pac. 724], the court in reversing a judgment for the defendant held that an instruction should have been given which was framed in substantially the same language as the one under discussion. *Pinello* v. *Taylor,* 128 Cal. App. 508 [17 Pac. (2d) 1039], is also a case in which a pedestrian was struck by an automobile, and the court in reversing a. judgment in favor of the defendant held that the following instruction should have been given: ''I instruct you that while both parties (the automobile driver and the pedestrian) are charged with the same degree of care, the amount of care exacted of the driver of a motor vehicle is far greater than the amount of care exacted of a foot passenger.'' The error in failing to give the instruction becomes more apparent when it is considered that the court gave at the request of the defendant the following instruction: ''No higher or greater degree of care was required of the defendant to avoid the accident than was required of the plaintiff. Each was required to exercise ordinary care under the conditions confronting him.'' The refused instruction was not covered in any of the instructions given by the court.

It is argued by defendant that in any view of the instruction hereinabove considered plaintiff was not prejudiced for the reason that, as claimed, plaintiff was guilty of contributory negligence as a matter of law. A review of the evidence forces the conclusion that the issue of contributory negligence was for the determination of the jury.

The judgment is reversed.

Crail, P. J., and McComb, J., concurred.