[Civ. No. 14301. Second Dist., Div. Two. Mar. 17, 1944.]

CHARLES E. BARRY et al., Appellants, v. CLEMENTE NOEL MADDALENA et al., Respondents.

Allard & Whyte for Appellants.

C. F. Jorz for Respondents.

MOORE, P. J. — As heirs at law of Robert Emmett Barry, appellants sought damages from defendants resulting from the wrongful death of deceased. On this appeal they contend (1) that the evidence is insufficient to support a finding that defendants were free from negligence or (2) that Mr. Barry was guilty of contributory negligence, and (3) that certain instructions were erroneous.

(1) About 11:30 p. m. on the night of July 30, 1942, defendant Clem Maddalena and his minor son, Clemente, were proceeding northerly in the father's Chevrolet on U. S. Highway 101 with Clemente in the driver's seat. The weather was

clear of fog or cloud and the pavement was dry as they approached the city of Santa Marguerita. The concrete highway was divided in the center by a white stripe. On each side was a six-foot smooth shoulder. They were still in the open country traveling at about 45 miles per hour when an automobile with glaring headlights, going southerly, passed them. On approaching the south-bound vehicle Clemente lowered the beam of his headlights. Within less than six seconds after passing the south-bound car the Chevrolet collided with the deceased, a pedestrian. The left fender and lamp struck him, indicating that he was east of the highway's center. The collision was the first knowledge defendants had of the presence of any object on the pavement notwithstanding both of them had been on the lookout just prior to the impact.

■ It is not essential to the validity of the judgment that the jury should have found that the driver was free from negligence. However, such reasonable inferences may be drawn from the established facts as to justify a finding that Clemente was not negligent. His speed did not exceed that which was lawful; he traveled in the right lane of the highway; he kept a lookout for perils of the night. Whether he failed in any of those respects was a fact which the jury impliedly determined in his favor. The brilliant headlights of the south-bound car may have dimmed Clemente's vision.

■ (2) Not only was the finding of Clemente's freedom from negligence justified, but the evidence warranted the implied finding of the contributory negligence of deceased. Whether deceased by his own negligent act caused his collision with the Chevrolet was a question for the jury. If deceased had been walking southward, he was presumptively negligent in violating the rule which requires that a pedestrian on the highway in the open country walk close to the left-hand edge. (Veh. Code, sec. 564.) If he had been northward bound he should have been on the outside of the westerly lane. (*Ibid.*) On the other hand, the jury may have determined that deceased was attempting to cross from the west side to the east side of the highway at a point where there was no crosswalk and without yielding the right of way. Two established facts warranted such determination: (1) his position, when struck, in the easterly lane near the center stripe; and (2) neither defendant saw him. If he did attempt to cross as the Chevrolet was approaching, he should have

yielded the right of way and in failing to do so he was negligent. (Sec. 562, Veh. Code.) Under the circumstances a finding that such act contributed to the accident is amply justified. It follows that if the jury found that the headlights of the Chevrolet did not comply with the rule requiring that its lighting beams have sufficient intensity to reveal a person at a distance of 100 feet ahead (sec. 648, Veh. Code), still upon other facts the jury may properly have found that the negligence of deceased justified a denial of recovery.

The authorities cited by appellants (*Hatzakorzian* v. *Rucker-Fuller Desk Co.*, 197 Cal. 32 [239 P. 709, 41 A.L.R. 1027]; *Rush* v. *Lagomarsino*, 196 Cal. 308 [237 P. 1066]) do not support their contention. Prior to those decisions it was the law that a pedestrian had the right to travel on either side of the highway, and of course it was not negligence for him to do so. But following them the Legislature altered the rules, thereby forbidding a pedestrian to walk ''upon any roadway outside of a business or residence district otherwise than close to his left-hand edge.'' (Sec. 564, Veh. Code.)

Plaintiffs contend that since there was no testimony contrary to the presumption that deceased was exercising due care at the time of the impact (sec. 1963, Code Civ. Proc.), therefore he was not negligent. This is not a conclusive presumption.

The fact that there was no witness to say either that he saw deceased step from a position of safety into the path of the Chevrolet or walk in the easterly lane was not necessary to support the finding of deceased's negligence. The dents on the headlight and fender were more eloquent than the speech of many witnesses. Those and the other uncontradicted facts establish that deceased was east of the center stripe and were sufficient to outweigh the presumption that decedent was taking ordinary care for his own concerns. But if the inclusion of such presumption had been essential in order fairly to instruct the jury, there is no error for the reason that one of the instructions given did embody the principle of the cited section. The decisions of *Chinnis* v. *Pomona Pump Co.*, 36 Cal.App.2d 633 [98 P.2d 560]; *Crabbe* v. *Mammoth Channel G. Min. Co.*, 168 Cal. 500, 506 [143 P. 714]; and *Wiswell* v. *Shinners*, 47 Cal.App.2d 156 [117 P.2d 677], are not in point. In the Chinnis case the driver's negligence was not imputed to his guest. In the Crabbe case there was no

evidence to rebut the presumption that deceased was taking ordinary care for his own safety, hence the presumption prevailed. In the Wiswell case there were two eyewitnesses to the collision. In reviewing that judgment which had been awarded on a directed verdict the court said: "Where facts are admitted or established by proof which is irreconcilable with the presumption, the latter loses its evidentiary value." Therefore appellant was entitled to the benefit of the presumption claimed until dispelled by evidence at variance with the presumption. It was for the jury to determine whether the presumption had been overcome by contrary evidence. That they were justified in so finding is shown by the physical facts. (*Wiswell* v. *Shinners, supra.*)

(3) The third assignment is that there was no evidence justifying defendants' proposed instructions 11, 12, and 14. Number 11 sets forth the provisions of section 564, and declares that if deceased violated such provisions he was negligent as a matter of law, and if such act was a proximate cause of the accident plaintiffs cannot recover. Number 12 recites (1) that the duty of a pedestrian to yield the right of way while crossing a highway at a point other than a crosswalk area may call for a higher degree of care than that applied when he crosses at a regular crosswalk; (2) that if deceased failed to exercise the degree of care of a reasonably prudent person in crossing at a point where he does not have the right of way he was guilty of negligence as a matter of law; and (3) that if such negligence was a proximate cause of the accident plaintiffs cannot recover. Number 14 declares that the degree of care required of deceased was that of a reasonably prudent person under similar circumstances; that a reasonably prudent person would have known that by virtue of the darkness and the color of his clothing it would be difficult for the motorist to observe him there; that therefore a greater degree of care was imposed upon deceased under the circumstances if such were found to have existed.

Appellants do not say that the criticized instructions embody erroneous statements of the law. Their claims are that there is no evidence justifying 11, and that in attempting to apply the law by 14 the court effectually told the jury they might find deceased had violated section 564, although no witness had seen him before the impact.

In making such claims appellants are in error. Both 11 and 12 were given because of the proof that deceased, while

in the open country and in the easterly lane of the highway, was struck by the left lamp of the Chevrolet, proceeding northerly. Number 12 is a fair attempt to apply section 564 to the very facts in evidence. Instruction 10 quoted and correctly applied section 562.

Such instructions were properly given to aid the jury in the event they should determine from the evidence that the deceased in violation of the two code sections was either crossing the highway or walking in defendants' lane of travel. The fact that there was no living witness to the impact was no reason for rejecting the instructions. The physical facts were sufficient to prove that deceased was about two feet east of the center stripe. If he stepped east just after the southbound car passed, Clemente's vision was at that instant dimmed. The circumstances warranted the instructions.

■ There is no authority to support the contention that appellants were entitled to an instruction that the deceased was presumed to have complied with the provisions of the Vehicle Code requiring him to yield the right of way to approaching vehicles. The extent to which the court might go was to advise the jury that they should weigh the presumption (sec. 1963, Code Civ. Proc.) and any evidence supporting it against the evidence offered by defendants and determine whether deceased had been negligent. (*Wiswell* v. *Shinners, supra.*) Such was the effect of plaintiffs' instruction number 4.

■ Plaintiffs make the point that they were prejudiced by instructions upon topics concerning which no evidence was received. (*Citing Jones* v. *Goldtree Bros. Co.*, 142 Cal. 383, 386 [77 P. 939].) It is asserted that there was no evidence to contradict the presumption (sec. 1963) that decedent had complied with the law and that instructions as to his duty in that regard became needless and confusing. We have cited the proof which justified the inference that the negligence of deceased contributed to his death. The instruction on his duty was therefore timely.

Upon an examination of the entire cause including the evidence we are of the opinion that no miscarriage of justice has resulted in the giving of any instruction. (Art. VI, sec. 4½, Const.)

Judgment affirmed.

Wood (W. J.), J., and McComb, J., concurred.