[Civ. No. 12882. First Dist., Div. Two. Oct. 19, 1945.]

GEORGE J. LASATER, as Administrator, etc., Respondent, v. OAKLAND SCAVENGER COMPANY (a Corporation) et al., Appellants.

Kenneth C. Gillis and Brown, Rosson & Gillis for Appellants.

Nichols & Richard for Respondent.

DOOLING, J. pro tem.—In this action for the wrongful death of a wife and mother the jury returned a verdict for plaintiff administrator in the sum of $14,000. The trial court denied a motion for new trial and defendants have appealed from the judgment.

It is not claimed on this appeal that the evidence is insufficient to support the jury's finding of liability. The only grounds of appeal presented by appellants are that the amount of the judgment is excessive and that the court committed prejudicial error in refusing to give certain instructions proposed by appellants.

The decedent was 63 years old with an average life expectancy of 12.26 years. She was in good health. Her husband was 60 years of age with a somewhat greater life expectancy. The decedent left seven adult children. One of these is a feeble-minded woman in a state-supported institution. All of the others except the youngest son are married and living in their own homes. The youngest son at the time of his mother's death was serving in our armed forces but until his induction he had lived at home with his mother and father. One daughter is the mother of three young children. This daughter and the decedent visited each other frequently and the decedent helped her daughter in the care of the children. The decedent and her husband had been married for 27 years; she was a good wife and a good, loving mother. At the time of her death she and her husband were living alone and she did all of the housework.

█ In measuring the damages suffered by the husband and adult children through the death of their wife and mother the jury was entitled to consider the loss of society and comfort suffered by all of them and the loss of services and care suffered by the husband in being deprived of his helpmate who did all of the housework and presumably ministered to his wants as a good wife is accustomed to do. █ There is no fixed and absolute yardstick by which a court on appeal can measure the value of these elements of damage, it being sufficient if the amount awarded appears to bear a reasonable relation to the elements of loss entitled to be considered by the jury, and the fixing of the amount is committed first to the sound discretion of the jury and second to the like discretion of the trial judge in passing on a motion for new trial. (8 Cal.Jur. 1023, 1024.)

█ Appellants cite a number of death cases in which the amounts awarded were held on appeal to be excessive. In appraising the earlier decisions on the subject we are entitled to consider the fact, adverted to by the Supreme Court in *O'Meara* v. *Haiden*, 204 Cal. 354 at p. 367 [268 P. 334, 60 A.L.R. 1381], that measured by its purchasing power the value of the dollar has substantially decreased.

█ The pecuniary loss to the husband in this case is unquestionably substantial. At the $100 per month, a figure that may reasonably be taken under present conditions for purposes of illustration, it would cost the husband $1,200 per year to employ a housekeeper to replace his wife's services in doing all of the housework. Assuming conservatively eight of her twelve plus years of expectancy during which she could continue to do all the housework this item alone would amount to $9,600. Allowing so little as $25 per month for the husband's loss of services, comfort and society for the remaining 4¼ years of her normal life expectancy would bring the husband's pecuniary loss alone to $10,875. Assuming no pecuniary loss to the feeble-minded daughter and allowing the other children the trifling amount of $50 per year each for the loss of the society and comfort of a good and loving mother would bring the pecuniary loss of the six children in 12¼ years to a total of $3,675.

We recognize that the elements going to make up the damages for the death of a wife and mother are too intangible to admit of any such rule of thumb calculation. But the cal-

culation none the less is enough to satisfy us that the award of $14,000 is amply supported by the evidence.

We will content ourselves with the citation of *Bechtold* v. *Bishop & Co., Inc.*, 16 Cal.2d 285 [105 P.2d 984], wherein an award of $12,000 for the death of a wife and mother of two adult children was held not excessive. The decedent wife in the case was 58 years old with an expectancy of life of 16.89 years, but this was counterbalanced by the fact that the husband's life expectancy, which would measure his damages, was only 10.23 years. We cannot hold that the award of $14,000 in this case is "so excessive as to justify the conclusion that it was impelled by passion or prejudice." (*Bechtold* v. *Bishop & Co., Inc., supra*, p. 294.)

The decedent was struck by a truck while crossing a street in the darkness. Appellants proposed an instruction that by reason of the fact that she was dressed entirely in black she should have used "a greater degree of care" for her own safety. The instruction was erroneous in using the word "degree" instead of "quantum" or "amount." The degree of care required of a person for his own safety is always the same, i. e. ordinary care, although in some circumstances the quantum or amount of care required to reach the degree of ordinary care is greater than in others. While neither courts nor lawyers have uniformly observed this distinction in terminology, it is a substantial one and well established in our law. (*Raymond* v. *Hill*, 168 Cal. 473, 483 [143 P. 743]; *Weihe* v. *Rathjen Mercantile Co.*, 34 Cal.App. 302, 305 [167 P. 287]; *McCormac* v. *Chancy*, 119 Cal.App. 470, 472 [6 P.2d 978]; *De Greek* v. *Freeman*, 108 Cal.App. 645 [291 P. 854]; *Dawson* v. *Lalanne*, 22 Cal.App.2d 314 [70 P.2d 1002]; *Brown* v. *Blair*, 26 Cal.App.2d 613 [80 P.2d 95]; *Jones* v. *Bayley*, 49 Cal.App.2d 647, 654 [122 P.2d 293]; *McNear* v. *Pacific Greyhound Lines*, 63 Cal.App.2d 11, 18 [146 P.2d 34].)

The giving of a similar instruction, using the words "greater degree of care," was held not to be prejudicial error in *Barry* v. *Maddalena*, 63 Cal.App.2d 302 [146 P.2d 974], but the court did not discuss or consider the legal accuracy of those words in its opinion in that case. Certainly we cannot hold that the trial court in this case committed error in refusing to give an instruction which embodied an incorrect and erroneous statement of the law.

The court also refused two instructions on unavoidable accident. The jury was clearly instructed on the burden

of proof, negligence and proximate cause and in returning their verdict for plaintiff they must have found that the defendant driver was guilty of negligence which proximately caused the death of the decedent. They must therefore have found that the death was in fact not caused by an unavoidable accident. We can find no prejudice in the failure to instruct specifically on unavoidable accident.

 The failure to give two proposed instructions on the effect of decedent's failure to see the defendant's truck if it was plainly visible was not error since the court of its own motion gave an instruction that "when there is evidence to the effect that one did look but did not see that which was in plain sight . . . it follows that either there is an irreconcilable conflict in such evidence or that the person was negligently inattentive." The jury was likewise instructed on the duty cast on a pedestrian crossing a street to look for approaching automobiles and that "the deceased was obligated to use ordinary care . . . to observe the approach of automobiles and to avoid injury to herself at all times in going into or on the street. . . ."

The judgment is affirmed.

Nourse, P. J., and Goodell, J., concurred.

A petition for a rehearing was denied November 17, 1945, and appellants' petition for a hearing by the Supreme Court was denied December 17, 1945.