692

[Civ. No. 14099.   First Dist., Div. Two.   Jan. 24, 1950.]

RICHARD D. BREAKS et al., Appellants, v. RAYMOND W. ANDERSON et al., Respondents.

Melvin M. Belli, Lou Ashe and John Brettmann for Appellants.

Bronson, Bronson & McKinnon for Respondents.

NOURSE, P. J.—Mrs. Breaks and her companion alighted from a car at the intersection of Middle Road with El Camino Real north of the main part of the town of Belmont. They walked south on the east side of the highway to a point approximately midway between Middle Road and the Ralston Street intersection. The sidewalk was rough and covered with gravel. The sidewalk on the west side of the highway appeared to be better and they crossed the highway to reach the western sidewalk. El Camino Real was at that point a four-lane through highway marked with a double line in the center and two single lines marking each lane. The time was between 9:30 and 10 p. m. of a Saturday night. Before they left the easterly curb the two ladies observed the lights of an approaching car. They stopped at the double center line and again at the single line dividing the two southbound lanes and at both times saw the approaching lights of respondent's car. They continued to a point near the westerly curb where Mrs. Breaks was struck by the car and seriously injured. She and her husband sued Anderson and his wife. We will hereafter refer to her as appellant and refer to Mr. Anderson as respondent. On the issue of negligence the evidence was that defendant was traveling at a speed of approximately 35 miles an hour in a 35-mile zone. His lights were in good order, and no evidence was offered tending to show inadequate brakes or other mechanical defects. He first saw the parties when he was about 75 feet from them and applied his brakes when between 75 and 40 feet away. There was some testimony that the ladies walked at a "brisk" pace to the line of the westerly lane and then ran across that lane to the curb. This is the evidence upon which plaintiffs relied to support their charge of negligence. There is no material conflict.

On this evidence the jury returned a verdict that defendant was "not guilty" from which it may be assumed that they found that the charges of negligence were not proved.

The appeal is grounded on asserted errors in instructions given and refused. Appellant complains of the refusal of the trial court to give her proposed instruction reading in part: "While it is the duty of both the driver of a motor

vehicle and a pedestrian, using a public roadway, to exercise ordinary care, that duty does not require necessarily the same degree of caution from each.'' The proposed instruction was not a correct statement of the law. Since there is no distinction in the meaning of the words ''care'' and ''caution'' when used in this connection, it would have been error to have instructed the jury that the parties were not required to use the same *degree* of care, or caution. There is no difference in the ''degree'' of care required. It is the ''amount'' of care which is the controlling factor. The rule is clearly stated in *Lasater* v. *Oakland Scavenger Co.*, 71 Cal.App.2d 217, 221 [162 P.2d 486], as follows: ''Appellants proposed an instruction that by reason of the fact that she was dressed entirely in black she should have used 'a greater degree of care' for her own safety. The instruction was erroneous in using the word 'degree' instead of 'quantum' or 'amount.' The degree of care required of a person for his own safety is always the same, i. e. ordinary care, although in some circumstances the quantum or amount of care required to reach the degree of ordinary care is greater than in others. While neither courts nor lawyers have uniformly observed this distinction in terminology, it is a substantial one and well established in our law. [citing cases].''

Furthermore the trial court properly instructed the jury, at respondent's request, that both parties were required to use ordinary care (the degree of care) but that ''the amount of caution required will vary in accordance with the nature of the act and the surrounding circumstances.''

■ Appellant complains of the instruction covering ''imminent peril'' given at the request of respondent. She states that it advised the jury that ''defendant had to use less care, and had to exercise less caution, than plaintiff.'' Appellant's argument is based on a misconstruction. What the court said was that one confronted with a sudden peril was not required ''to exercise more care or diligence than an ordinarily prudent man would exercise under the same circumstances of sudden peril and imminent danger.'' The instruction applied to both parties.

■ Criticism is made of the instruction stating that defendants were not insurers of other persons using the highway. The statement was merely introductory to the charge covering the subject of use of ordinary care, and was not prejudicial.

■ Appellant proposed an instruction on the burden of

proof, reading: "The defendants in this action have set up in their answer the plea of contributory negligence. You are instructed that such plea is an affirmative defense, and the burden of proof rests on the defendants Raymond W. Anderson and Irma Irene Anderson to establish it, if any. You are not to assume the existence of contributory negligence in the absence of evidence, merely from its being pleaded by the defendant, and contributory negligence, if any, must proximately cause injury before it can bar a right to recovery." The trial court gave the last part but eliminated the first two sentences as already "covered." The instruction as a whole was proper and should have been given. The question remains whether the subject matter was covered and, if it was not, whether the refusal was prejudicial.

The trial judge gave appellant's proposed instruction covering burden of proof in general terms. It also gave respondent's proposed instructions covering burden of proof on appellant to prove respondent's negligence. It gave appellant's proposed instruction that "a party has succeeded in carrying his or her burden of proof on an issue of fact, if the evidence favoring his or her side of the question is more convincing than that tending to support the contrary side. . . ." The portion stricken from appellant's proposed instruction does not appear to have been given in similar language. Though we conclude that the portion of the proposed instruction should have been given, it is apparent that appellant suffered no prejudice since all the evidence tending to prove her contributory negligence came from her and from her own witnesses. Under these circumstances there was really no question of the burden of proof. The instructions given did not tell the jury that it must find that appellant "was without fault or negligence" as in *Rush* v. *Lagomarsino,* 196 Cal. 308 [237 P. 1066], and cases cited on page 314. Unless contributory negligence is "shown by or can be inferred from the evidence adduced in support of the plaintiff's case" an instruction on the burden of proof should be given as pointed out in the Rush case. This is the controlling factor here. All the evidence upon which the plea of contributory negligence could have been proved was a part of "plaintiff's case."

But here the want of prejudice is apparent because the instructions as a whole told the jury that the burden of proof was on the party to sustain "his or her side" of each issue of fact. Having fully advised the jury as to which issue

or "side" was maintained by the respective parties the jury could not have misunderstood the instructions on this point.

Judgment affirmed.

Goodell, J., and Dooling, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied March 23, 1950.